36 F.3d 1091
 74 A.F.T.R.2d 94-6222
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Vernon Franklin ANDERSON, Sr.; Ann Watson Anderson,
Petitioners-Appellants,
v.
COMMISSIONER OF THE INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-2501.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided September 8, 1994.
 
 Appeal from the United States Tax Court. (Tax Ct. No. 90-27807)
 David M. Kirsch, San Jose, CA, for appellants.
 Loretta C. Argrett, Asst. Atty. Gen., Gary R. Allen, Richard Farber, Regina S. Moriarty, Tax Division, United States Department of Justice, Washington, D.C., for appellee.
 USTC
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and WILLIAMS, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Vernon Franklin Anderson, Sr., and Ann Watson Anderson ("the Andersons") appeal from the Tax Court order determining that they are not entitled to a refund of their overpaid taxes. We affirm.
 
 
 2
 The Andersons were employed in 1986 and 1987, and federal income taxes were withheld from their wages. After an extension of time, the Andersons' 1986 tax return was due to be filed on October 15, 1987. Their 1987 tax return was due on April 15, 1988. The Andersons did not file income tax returns for 1986 or 1987 until April 10, 1992. On September 19, 1990, the Commissioner mailed notices of deficiency to Ann Anderson relative to her 1986 and 1987 income taxes. Notices of deficiency for 1986 and 1987 were mailed to Vernon Anderson on November 14, 1990.
 
 
 3
 On December 12, 1990, the Andersons filed a petition in the Tax Court seeking a redetermination of their tax liability for 1986 and 1987. The parties stipulated that there were no deficiencies in the Andersons' tax liability for 1986 and 1987. The court found that the Andersons had overpaid their 1986 and 1987 taxes; however, the court determined that the Andersons were not entitled to a refund of the overpaid taxes. The court reasoned that because the Andersons had not filed their returns for 1986 and 1987, under 26 U.S.C.A. Sec. 6511(b)(2)(B) (West Supp.1994), the amount of tax refundable to them was limited to the amount they had paid within two years immediately preceding the dates the notices of deficiency were mailed. Because the Andersons had not paid any amount during the two-year period, the court found that it lacked jurisdiction to grant a refund of any part of the overpayment.
 
 
 4
 The Andersons appeal arguing that because they could have filed tax returns and claims for refund on the dates the notices of deficiency were mailed, they are entitled to a refund of all amounts paid within the three-year period preceding the date on which the notices of deficiency were mailed.
 
 
 5
 Under 26 U.S.C.A. Sec. 6512(b)(1) (West 1989), the Tax Court has jurisdiction to determine amounts of overpayments and may order a refund of such overpayment. The amount of overpaid tax that may be refunded is limited to the amount that was paid--
 
 
 6
 (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment.
 
 
 7
 26 U.S.C.A. Sec. 6512(b)(3)(B) (West 1989). This section authorizes the Tax Court to grant a refund of an overpayment only to the extent that such refund would be allowed under Sec. 6511(b)(2), (c), or (d), assuming that a claim for refund was filed on the date that the notice of deficiency was mailed. The parties agree that the applicable period is provided by Sec. 6511(b)(2), which provides in part:
 
 
 8
 (A) Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.
 
 
 9
 (B) Limit where claim not filed within 3-year period.--If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.
 
 
 10
 26 U.S.C.A. Sec. 6511(b)(2) (West Supp.1994). The "3-year period prescribed in subsection (a)," is three years from the date the return was filed. 26 U.S.C.A. Sec. 6511(a) (West Supp.1994); see Galuska v. Commissioner, 5 F.3d 195, 196 (7th Cir.1993). Thus, if the claim was filed within three years of the filing of the return, the amount of the credit or refund is limited to the amount of tax paid within the three years preceding the filing of the claim. 26 U.S.C.Sec. 6511(b)(2)(A). Where, as here, the taxpayer did not file a return within three years preceding the claim for a refund of tax, Sec. 6511(b)(2)(B) provides that the applicable limit on the amount of credit or refund is the "portion of the tax paid during the 2 years immediately preceding the filing of the claim." 26 U.S.C. Sec. 6511(b)(2)(B); see 26 U.S.C. Sec. 6511(a); Kartrude v. Commissioner, 925 F.2d 1379, 1385 (11th Cir.1991). Because the Andersons had not filed their returns for 1986 or 1987, as of September 19, 1990, and November 14, 1990--the dates they were deemed to have filed their claim for a refund under Sec. 6512(b)(3)--the refundable amount of their overpayment is limited to the amount of taxes paid within two years of the dates of their claims. 26 U.S.C. Sec. 6511(b)(2)(B); Galuska, 5 F.3d at 196.
 
 
 11
 The Andersons' tax payments resulting in the overpayments at issue consist of amounts withheld from wages during 1986 and 1987. These payments are deemed made on April 15, 1987, and April 15, 1988, respectively. 26 U.S.C.A. Sec. 6513(b)(1) (West 1989). Because no portion of the tax was paid within the two-year period immediately preceding September 19, 1990, and November 14, 1990, the Tax Court correctly determined that the Andersons were not entitled to a refund or credit of the overpayment. See 26 U.S.C. Sec. 6511(b)(2)(B).
 
 
 12
 The Andersons argue that if they had filed tax returns on the dates the notices of deficiency were mailed to them, they would have been entitled to a refund of the overpayments. While this is true, the Andersons did not file their returns for 1986 and 1987 until April 10, 1992. Contrary to the Andersons' contention, the claim that is treated as if filed under Sec. 6512(b)(3), is not a return. The fact that a tax return may also serve as a claim for refund, 26 C.F.R. Sec. 301.6402-3(a)(5) (1993), does not mean that a claim will serve as a return. See Galuska, 5 F.3d at 197. Although the Andersons are treated as if they had filed a claim on the date the deficiency notice was mailed, 26 U.S.C. Sec. 6512(b)(3), they are not also treated as having filed a return on that date. Kartrude, 925 F.2d at 1385.
 
 
 13
 The Andersons additionally contend that the Tax Court's construction discriminates against the class of taxpayers who choose to litigate in the Tax Court, rather than pay the assessment and file a refund suit in the district court. This is not correct. Because the Andersons did not file their return claiming a refund of their overpayment of taxes until April 10, 1992, and no portion of their taxes were paid in the three-year period preceding April 10, 1992, they would be barred by Sec. 6511(b)(2)(A), from recovering a refund in the district court. See Galuska, 5 F.3d at 197; Curry v. United States, 774 F.2d 852, 855 (7th Cir.1985).
 
 
 14
 For the foregoing reasons, we affirm the decision of the Tax Court finding that the Andersons are not entitled to a refund or credit of overpaid taxes for 1986 and 1987. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED