Robert F. LUNDY, Petitioner–Appellant,

v.

INTERNAL REVENUE SERVICE, Respondent–Appellee.

No. 94–1260.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1994.

Decided Jan. 30, 1995.

**ARGUED:** Glenn P. Schwartz, John Marshall Law School, Chicago, IL, for appellant. Regina Sherry Moriarty, Tax Div., U.S. Dept. of Justice, Washington, DC, for appellee. **ON BRIEF:** Lawrence J. Ross, Washington, DC, for appellant. Loretta C. Argrett, Asst. Atty. Gen., Gary R. Allen, Richard Farber, Tax Div., U.S. Dept. of Justice, Washington, DC, for appellee.

Before RUSSELL and MICHAEL, Circuit Judges, and MESSITTE, United States District Judge for the District of Maryland, sitting by designation.

Reversed and remanded by published opinion. Judge RUSSELL wrote the opinion, in which Judge MICHAEL and Judge MESSITTE joined.

## OPINION

DONALD RUSSELL, Circuit Judge:

Robert F. Lundy appeals the judgment of the United States Tax Court denying his claim for a refund of income taxes withheld in 1987. This case requires this Court to interpret sections 6511 and 6512 of the Internal Revenue Code (the "Code") to determine whether Lundy's refund claim was timely.

### I.

Lundy was employed in 1987 and had federal income tax withheld from his wages. He did not file a tax return by April 15, 1988, the due date for 1987 tax returns. On September 26, 1990, over two years after Lundy's tax return was due, the Commissioner of Internal Revenue mailed Lundy a notice of deficiency, notifying him that there was a deficiency in the amount of $13,806 in his income tax for 1987.

On December 22, 1990, Lundy mailed his 1987 tax return (filed jointly with his wife), which was received by the Internal Revenue Service (the "IRS") on December 28, 1990. The return showed an overpayment of income tax in the amount of $3,537. On December 28, 1990, Lundy filed a petition in the Tax Court requesting it to determine that there was an overpayment of tax and that he was entitled to a refund.

The Commissioner filed her answer on February 19, 1991. She generally denied the allegations in Lundy's petition but did not at that time claim that Lundy's petition was time-barred. In the Tax Court, the parties stipulated that Lundy's tax liability for 1987 was $778 greater than the amount stated on the tax return. Joint Appendix ("J.A.") 13. The parties also stipulated that there was an addition to tax of $369 under 26 U.S.C.

§ 6653(a)(1)(A). J.A. 14. The parties also stipulated that the Commissioner, in a conference call with the Tax Court, "indicated that it was her understanding that a settlement had been reached which involved a refund." J.A. 56. On February 3, 1992, the IRS sent a notice to Lundy which stated the following:

Amount to be refunded to you if you owe no other obligations $3,537.00

You may have already received this check. If not, please allow 2 weeks for it to be mailed to you, unless there are other matters pending which could postpone your refund.

On March 17, 1992, more than a year after the Commissioner filed her answer, the Commissioner filed a motion to amend her answer and raised the defense that Lundy's claim for refund was time-barred by the limitation periods of 26 U.S.C. §§ 6511 and 6512. The Tax Court granted the motion.

On June 28, 1993, the Tax Court held that it could not grant a refund for the overpayment of income tax. The Tax Court held that, under 26 U.S.C. § 6512(b)(3)(B), Lundy is entitled to a refund only for taxes paid within two years prior to the date that the Commissioner sent the notice of deficiency. Lundy's tax payments, consisting of amounts withheld from his and his wife's wages, are deemed to have been paid on April 15, 1988. 26 U.S.C. § 6513(b)(1). Because the Commissioner sent the notice of deficiency on September 26, 1990, more than two years after the date Lundy is deemed to have paid his taxes (April 15, 1988), the Tax Court could not order a refund for the overpayment of taxes. Both parties agree that if Lundy had filed a claim for refund in a United States district court or in the United States Claims Court, he would have received his refund.

### II.

■ The limitation provisions in 26 U.S.C. § 6511 apply to claims for refund filed in a United States district court or in the United States Court of Claims. The limitation provisions in 26 U.S.C. § 6512 apply to petitions filed in the United States Tax Court. Be-

cause Lundy filed a petition in the Tax Court, the limitation provisions in § 6512 apply to this case. For background, however, we first provide an overview of § 6511.

Section 6511 imposes limitations on both the period for filing a claim for refund (the "filing period"), 26 U.S.C. § 6511(a), and the period for calculating the amount of refund (the "refund period"), 26 U.S.C. § 6511(b). Regarding the filing period, § 6511(a) requires that the taxpayer file a claim for refund within three years of filing a tax return or within two years of paying the tax. 26 U.S.C. § 6511(a).[1]

The refund period in § 6511(b) restricts the taxpayer's ability to recover overpaid taxes to either the two-year or three-year period immediately preceding the filing of the refund claim. Which refund period applies depends upon how the taxpayer satisfied the requirements of § 6511(a). If the taxpayer satisfied § 6511(a) by filing the claim for refund within three years of filing a tax return, the three-year refund period applies, which means that the taxpayer can recover overpaid taxes that were paid within the three years preceding the filing of the claim. 26 U.S.C. § 6511(b)(2)(A). If the taxpayer has satisfied § 6511(a) by filing the claim for refund within two years of paying the tax, the two-year refund period applies, which means that the taxpayer can recover overpaid taxes that were paid only within two years preceding the filing of the claim. 26 U.S.C. § 6511(b)(2)(B).[2]

Section 6511 gives a taxpayer three years from the due date of his income tax return to claim a refund for all income tax withheld from him during the tax year. The due date for 1987 income tax returns, for instance, was April 15, 1988. If a taxpayer filed a claim for refund of 1987 taxes in a United States district court or the United States Claims Court between April 15, 1988 and April 15, 1991, the taxpayer would satisfy the requirement of § 6511. He could easily meet the limitation requirement of § 6511(a) simply by filing a tax return before filing the claim for refund.[3] Furthermore, the three-year limitation period would apply under § 6511(b)(2)(A); since taxes withheld during the 1987 tax year are deemed to have been paid on April 15, 1988, 26 U.S.C. § 6513(b)(1),[4] the taxpayer could collect a refund of any overpayment of withheld taxes as long as the taxpayer filed his claim on or before April 15, 1991. On the other hand, if the taxpayer filed his claim for refund after April 15, 1991, the claim would be barred under § 6511(b) because the payment of taxes occurred more than three years from the date of the filing of the claim. Nonetheless, when a taxpayer fails to file a tax return by

---

**1.** Section 6511(a) reads, in relevant part, as follows:

> (a) Period of Limitation on Filing Claim
> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a).

**2.** Section 6511(b)(2) reads, in relevant part, as follows:

> (b) Limitation on allowance of credits and refunds
>
> \*   \*   \*   \*   \*   \*
>
> (2) Limit on amount of credit or refund
> (A) Limit where claim filed within 3–year period
> If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the

period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return....
> (B) Limit where claim not filed within 3–year period
> If the claim was not filed within such 3–year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

26 U.S.C. § 6511(b)(2).

**3.** This is a matter of course, because a taxpayer files a claim for refund by filing an income tax return.

**4.** Section 6513(b)(1) reads, in relevant part, as follows:

> (b) Prepaid income tax
> For purposes of section 6511 or 6512—
> (1) Any tax actually deducted and withheld at the source during any calendar year ... shall ... be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year....

26 U.S.C. § 6513(b)(1).

the due date, he has a three-year window of opportunity to file a tax return and claim his refund.

The two-year refund period allows certain taxpayers, in very specific circumstances, to file a legitimate claim for refund beyond the three-year window of opportunity. Although a taxpayer normally pays income tax during the tax year and is deemed to have paid the tax on April 15 of the following year, a taxpayer may have a reason to pay additional tax after this time. In such a case, the taxpayer can file a claim for refund more than three years from the due date of tax returns, as long as the claim is filed within two years of paying the additional tax. Furthermore, the amount of refund is limited to the amount of the additional tax paid within two years of filing the claim. The two-year period, however, does not cut short the three-year window of opportunity that taxpayers have to collect refunds on their withheld tax; it only extends the three-year window in cases where the taxpayer paid additional tax after the due date of tax returns.

### III.

The limitation provisions in 26 U.S.C. § 6512 apply to Lundy's case because he filed a petition in the United States Tax Court. A taxpayer can invoke the jurisdiction of the Tax Court only if the IRS sends a notice of deficiency. A taxpayer can challenge the notice of deficiency in the Tax Court by filing a petition for redetermination. The petition may include a claim for a refund of an overpayment. If, in its redetermination of a taxpayer's liability, the Tax Court finds that the taxpayer has made an overpayment of tax, § 6512(b)(1) gives the Tax Court jurisdiction to determine the amount of such overpayment and to include the refund in its final order. Because a taxpayer files a petition for redetermination in the Tax Court only in response to a notice of deficiency, there is no equivalent in § 6512 to the filing period of § 6511(a).

On the other hand, the Tax Court is also limited by a refund period. Section 6512(b)(3) limits the period for which the Tax Court can calculate the amount of refund. That section reads, in relevant part, as follows:

(3) Limit on amount of credit or refund

No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid—

\* \* \* \* \* \*

(B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment.... [5]

26 U.S.C. § 6512(b)(3)(B). Section 6512(b)(3)(B) cross-references to § 6511(b)(2) to determine the refund period.[6] The crux of this case is whether the Tax Court, when determining the refund period under § 6512(b)(3)(B), should have applied the three-year limitation period under § 6511(b)(2)(A) or the two-year limitation period under § 6511(b)(2)(B).

### A.

█ The Tax Court accepted the Commissioner's argument that, under § 6512(b)(3)(B), a taxpayer is deemed to have filed a claim for refund on the date the notice of deficiency was mailed to him. When the Tax Court determined the appropriate refund period under § 6511(b)(2), it deemed that Lundy had filed his claim for refund on September 26, 1990, the date the Commissioner mailed the notice of deficiency to Lundy, even though Lundy actually filed his claim for refund with his petition for redetermination on December 28, 1990.

The Tax Court applied the two-year limitation period under § 6511(b)(2)(B) instead of the three-year limitation period under § 6511(b)(2)(A). The Tax Court did not apply the three-year limitation period because Lundy did not file his claim for refund within three years of filing his tax return. Because

---

**5.** The parties agree that § 6512(b)(3)(A) and (C) do not apply to this case.

**6.** The parties agree that § 6511(c) and (d) do not apply to this case.

the Tax Court deemed that Lundy filed his claim on September 26, 1990, the date of the mailing of the notice of deficiency, the Tax Court concluded that Lundy filed a claim for refund before he filed a tax return, which Lundy did not file until December 28, 1990. Thus, the Tax Court applied the two-year limitation period.

Because Lundy was deemed to have paid his taxes on April 15, 1988, more than two years before the date the Tax Court deemed that he filed his claim for refund (September 26, 1990), the Tax Court concluded that it had no authority to grant Lundy a refund.

### B.

One problem with the Tax Court's reading of § 6512(b)(3)(B) is that the language of that section does not include the word "deemed." The word "deemed" is used in many sections throughout the Code, but not in § 6512. For example, § 6513(b) provides that income tax withheld during a tax year shall be "deemed" to have been paid on April 15 of the following year, 26 U.S.C. 6513(b)(1), and that any amount paid as estimated income tax shall be "deemed" to have been paid on the due date for filing tax returns, 26 U.S.C. § 6513(b)(2). The Code also provides that "any return filed before the last day prescribed for the filing thereof shall be *considered* as filed on such last day. For purposes of section 6511(b)(2) and (c) and section 6512, payment of any portion of the tax made before the last day prescribed for the payment of the tax shall be *considered* made on such last day." 26 U.S.C. § 6513(a) (emphasis added).

In sharp contrast, § 6512(b)(3)(B) does not use the word "deemed" or "considered." Instead, the provision directs the Tax Court to apply the refund period that would apply under § 6511(b)(2) in the hypothetical situation that the taxpayer had filed a claim for refund on the date of the mailing of the notice of deficiency. If Congress had intended that a claim for refund filed in the Tax Court shall be deemed to have been filed on the date of the mailing of the notice of deficiency, Congress could have said so explicitly.

### C.

Furthermore, the Tax Court's interpretation of § 6512(b)(3)(B) has pernicious effects. The result of the Tax Court's holding is that Lundy cannot receive a refund even though he overpaid his taxes and filed a tax return and claim for refund within three years of the due date for filing tax returns. Lundy, however, would have received his refund if the circumstances had been only slightly different.

Lundy would have received his refund if he had filed his claim for refund in a United States district court or the United States Claims Court. Because § 6512 does not apply in a district court or in the Claims Court, only the Tax Court can deem that Lundy filed his claim for refund on the date of the notice of deficiency. Thus, if Lundy had filed a claim for refund in a district court or in the Claims Court on December 28, 1990, the court would have applied the three-year limitation period under § 6511(b)(2)(A) because on that day he filed his tax return. The date that Lundy filed his claim for refund was deemed to be September 26, 1990 only because he filed his claim for refund in Tax Court, and thus, § 6512(b)(3)(B) applied.[7]

Furthermore, Lundy would have received his refund if Lundy had filed his tax return sometime before the Commissioner sent Lundy a notice of deficiency on September 26, 1990. In this situation, if Lundy had filed his claim for refund in the Tax Court on December 28, 1990, the Tax Court still would

---

7. We note, incidentally, that choosing to file a claim for refund in a district court or in the Claims Court would have been a difficult option for an average taxpayer like Lundy. Once the IRS sent Lundy a notice of deficiency, Lundy could file a claim for refund in one of these courts only if he first paid the amount of deficiency that the IRS claimed that he owed. Thus, Lundy would have had to pay $13,806 before he could challenge the notice of deficiency and claim his refund in a district court or in the Claims Court. Even if Lundy had been aware of his option to avail himself of these courts, the requirement to pay the deficiency in advance, given his income, would most likely have prohibited him from filing his claim for refund there. The advantage of and reason for the Tax Court is that the average taxpayer can challenge a notice of deficiency without first having to pay the deficient amount.

have deemed September 26, 1990 as the date on which Lundy filed his claim for refund. However, the three-year limitation would have applied under § 6511(b)(2)(A) because the "deemed" date of filing the claim for refund would have been within three years of Lundy's filing of his tax return. Because Lundy paid his taxes on April 15, 1988, within three years of filing his claim for refund (September 26, 1990), the Tax Court would have had the authority to grant Lundy a refund.

Still further, Lundy would have received his refund if the Commissioner of Internal Revenue had happened to send the notice of deficiency before April 15, 1990. The Tax Court still would have applied the two-year limitation period from the date of the notice of deficiency, but the two-year period would have been sufficient to include April 15, 1988, the date on which Lundy paid his taxes.

Lundy did not receive his refund only because (1) he filed his claim for refund in Tax Court instead of a district court or Claims Court, (2) he filed his tax return after the Commissioner sent a notice of deficiency, *and* (3) the Commissioner sent the notice of deficiency more than two years after the date on which Lundy paid his taxes. If any one of these circumstances had been different, Lundy would have received his refund.

## IV.

We reject the Tax Court's interpretation of § 6512(b)(3)(B) and hold that the three-year limitation period should have applied to Lundy.

Section 6512(b)(3)(B) requires the Tax Court to apply the limitation provision in § 6511(b)(2) that would be applicable if, on the date the IRS mailed the notice of deficiency, the taxpayer had filed a claim for refund, regardless of whether the taxpayer actually had filed a claim for refund on that day. In § 6511(b)(2), however, the date of the filing of the claim for refund is critical for two reasons. First, the date on which the

taxpayer filed the claim for refund, if it is within three years after the filing of the tax return, establishes that a three-year limitation period applies instead of a two-year limitation period. Second, the date on which the taxpayer filed the claim for refund is the benchmark date for measuring the limitation period (whether two-year or three-year).

We hold that the Tax Court, when applying the limitation provision of § 6511(b)(2) in light of § 6512(b)(3)(B), should substitute the date of the mailing of the notice of deficiency for the date on which the taxpayer filed the claim for refund, but only for the purpose of determining the benchmark date for measuring the limitation period and not for the purpose of determining whether the two-year or three-year limitation period applies. In other words, we interpret § 6512(b)(3)(B) as merely shifting back the benchmark date of the refund period from the date on which the taxpayer filed the claim for refund to the date on which the IRS mailed the notice of deficiency; § 6512(b)(3)(B) does not change the length of the refund period from what would have been applied under § 6511(b)(2).[8]

Thus, the Tax Court should have applied the three-year limitation period in Lundy's case and should have begun the three-year period from the date on which the IRS mailed Lundy the notice of deficiency. Under § 6511(b)(2), the three-year limitation period applies because Lundy filed his claim for refund on December 28, 1990, within three years of filing his tax return, which he did also on December 28, 1990. Because Lundy filed his claim for refund in the Tax Court, § 6512(b)(3)(B) allows the Tax Court to count back three years from the date of the mailing of the notice of deficiency, instead of the date on which Lundy filed his claim. Because Lundy paid his taxes on April 15, 1988, within three years of the date of the mailing of the notice of deficiency (September 26, 1990), the Tax Court had the authority to determine the amount of Lundy's overpayment and to order a refund.

---

**8.** We note that the Internal Revenue Code does not allow a taxpayer to delay indefinitely his response to a notice of deficiency. Section 6213(a) of the Code requires a taxpayer who wants to challenge a notice of deficiency to file a petition for redetermination within 90 days of the mailing of the notice of deficiency. 26 U.S.C. § 6213(a). For more on this point, see our discussion of *Galuska v. Commissioner,* 5 F.3d 195 (7th Cir.1993), *infra* at section V.

In our view, § 6512(b)(3)(B) never mandates a two-year refund period in the Tax Court where a United States district court or the United States Claims Court would have applied the three-year period under § 6511(b)(2). Instead, Congress intended in § 6512(b)(3)(B) to provide some relief for taxpayers who receive a notice of deficiency, by allowing the three-year period to run from the date of the notice of the deficiency instead of the date on which the taxpayer actually files the claim for refund. Thus, a taxpayer who receives a notice of deficiency can still recover his overpayment of taxes even though he did not actually file the claim for refund within three years of the due date for tax returns. In other words, § 6512(b)(3)(B) extends the three-year window of opportunity to claim a refund for taxpayers who receive a notice of deficiency from the IRS.

The legislative history of § 6512 supports our interpretation of § 6512(b)(3)(B). Section 6512(b)(3) of the Code was derived from § 322(d) of the Internal Revenue Code of 1939, ch. 2, 53 Stat. 1, 92 (1939). Section 322(d) read, in pertinent part, as follows:

> No such credit or refund shall be made of any portion of the tax unless the Board [of Tax Appeals] determines as part of its decision that such portion was paid (1) within three years before the filing of the claim or the filing of the petition, whichever is earlier, or (2) after the mailing of the notice of deficiency.

53 Stat. at 91. Originally, then, the Board of Tax Appeals, the predecessor to the Tax Court, clearly applied a three-year refund period; unlike the current statute, however,

the three-year period ran from the date on which the taxpayer filed his claim for refund or his petition for redetermination, and not from the date of the mailing of the notice of deficiency.[9]

The two-year limitation period did not enter the Code until the 1942 amendments. Congress amended § 322(d) to read, in relevant part, as follows:

> No such credit or refund shall be made of any portion of the tax unless the Board [of Tax Appeals] determines as part of its decision (1) that such portion was paid (A) within two years before the filing of the claim, the mailing of the notice of deficiency, or the execution of an agreement by both the Commissioner and the taxpayer ... whichever is earliest, or (B) within three years before the filing of the claim, the mailing of the notice of deficiency, or the execution of the agreement, whichever is earliest, if the claim was filed, the notice of deficiency mailed, or the agreement executed within three years from the time the return was filed by the taxpayer....

Revenue Act of 1942, ch. 619, § 169(b), 56 Stat. 798, 877–78 (1942). Under this provision, Lundy would clearly have received a refund. The three-year refund period would have applied because Lundy filed a claim for refund within three years of filing a tax return. The three-year refund period would have run from the date of the mailing of the notice of deficiency because it was earlier than the date of the filing of the claim for refund. The language does not indicate that, because the mailing of the notice of deficiency occurred before the filing of the tax re-

**9.** In the 1939 Code, § 322(b)(1), the predecessor of § 6511(a), provided the same general rule as the current provision. It read as follows:

(b) Limitation on Allowance.—
(1) Period of limitation.—Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expired the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer.

Internal Revenue Code of 1939, ch. 2, § 322(b)(1), 53 Stat. 1, 91 (1939).

Section 322(b)(2), the predecessor of § 6511(b), contained only a three-year refund period. Like § 322(d), there was no mention of a two-year refund period. The language of § 322(b)(2) read as follows:

(2) Limit on amount of credit or refund.—The amount of the credit or refund shall not exceed the portion of the tax paid during the three years immediately preceding the filing of the claim, or, if no claim was filed, then during the three years immediately preceding the allowance of the credit or refund.

Internal Revenue Code of 1939, ch. 2, § 322(b)(2), 53 Stat. 1, 92 (1939).

turn, the two-year refund period should apply.[10]

In the Internal Revenue Code of 1954, § 6512 replaced § 322(d) of the 1942 Code. Although the language of § 6512 differed from the language in the 1942 Code, the legislative history makes clear that Congress intended to make no material change to this section. *See* H.R.Rep. No. 1337, 83d Cong., 2d Sess. A415 (1954) ("This section [§ 6512] makes no material changes from existing law."), *reprinted in* 1954 U.S.C.C.A.N. 4017, 4563; S.Rep. No. 1622, 83d Cong., 2d Sess. 586 (1954) ("This section [§ 6512] of the House bill, which contains no material change from existing law, was adopted by your committee with two clarifying changes."), *reprinted in* 1954 U.S.C.C.A.N. 4621, 5236. The amendments to § 6512 since 1954 have made no significant changes to the section.

Thus, the legislative history of § 6512 indicates that Congress intended a taxpayer who filed a claim for refund within three years of filing a tax return to have a three-year refund period that runs from the date of the mailing of the notice of deficiency. There is no indication that Congress ever intended the two-year period to apply to taxpayers who filed a tax return and claim for refund in Tax Court after receiving a notice of deficiency that was mailed to the taxpayer more than two years after the due date of tax returns. We interpret § 6512(b)(3)(B) to provide for a three-year refund period where the taxpayer files a claim for refund in Tax Court within three years of filing his tax return and to commence the refund period from the date of the mailing of the notice of deficiency.

Our interpretation of § 6512(b)(3)(B), besides being consistent with congressional intent, eliminates the inequities resulting from the Tax Court's reading. First, a taxpayer will receive the same limitation period in the Tax Court that he would receive in a United States district court or in the United States Claims Court. There is no rational reason why a taxpayer should have a three-year limitation period shortened to a two-year period simply because he chose the Tax Court as the forum for his claim for refund; if there is such a rational reason, Congress certainly has not articulated it.

On the other hand, it does make sense to allow the limitation period, whether two-year or three-year, to run from the date of the mailing of the notice of deficiency instead of the date of the filing of the claim for refund. Once the IRS mails the taxpayer a notice of deficiency, the taxpayer has to respond in order to avoid paying the deficiency claimed by the IRS. Because the IRS puts the taxpayer to the task of organizing his financial records and filing a tax return, the taxpayer should then be able to collect any refund due to him if the taxpayer could have filed a return and claimed a refund on the date the IRS mailed the notice of deficiency. Otherwise, the IRS could mail the notice of deficiency one day before the three-year window of opportunity for filing claims for refunds expires. In such a case, the taxpayer would have to respond to the notice of deficiency but would probably not be able to organize his financial records and file a claim for refund before the three-year period expires; in fact, the taxpayer probably would not even receive the notice of deficiency before the three-year period for claiming refunds ex-

---

**10.** The 1942 amendments also changed § 322(b)(2) to include the two-year refund period in courts other than the Board of Tax Appeals. The new language of § 322(b)(2) read as follows:

(2) Limit on Amount of Credit or Refund.— The amount of the credit or refund shall not exceed the portion of the tax paid—

(A) If a return was filed by the taxpayer, and the claim was filed within three years from the time the return was filed, during the three years immediately preceding the filing of the claim.

(B) If a claim was filed, and (i) no return was filed, or (ii) if the claim was not filed within three years from the time the return

was filed by the taxpayer, during the two years immediately preceding the filing of the claim....

Revenue Act of 1942, ch. 619, § 169(a), 56 Stat. 798, 876 (1942). In the 1942 Code, then, a taxpayer who filed a claim for refund within three years of filing a tax return received a three-year refund period regardless of the forum in which he chose to file. The only difference in the Board of Tax Appeals was that the three-year refund period began running from the date of the mailing of the notice of deficiency, if it was earlier than the date of filing the claim for refund.

pired. Because the Tax Court is the forum in which taxpayers challenge notices of deficiency, it makes sense that the Tax Court should apply the refund period from the date of the mailing of the notice of deficiency instead of the date of the filing of the claim for refund.

Our interpretation of § 6512(b)(3)(B) also eliminates a second inequity: a taxpayer who files his tax return after receiving a notice of deficiency will receive the same three-year limitation period that he would receive if he had filed his tax return before the IRS mailed the notice of deficiency. There is no rational reason why the taxpayer should have a three-year refund period cut short to two years simply because the IRS beat the taxpayer to the punch by mailing the notice of deficiency first. Congress certainly did not intend the length of the refund period to turn on such an arbitrary distinction.

Finally, our interpretation of § 6512(b)(3)(B) eliminates a third inequity: a taxpayer has the same opportunity to collect a refund in Tax Court regardless of whether the IRS happened to send the notice of deficiency within two years of the due date for filing tax returns or more than two years from the due date for filing tax returns. There is no logical reason why a taxpayer should be allowed to receive a refund in Tax Court simply because the IRS fortuitously mailed the notice of deficiency within two years of the due date for filing tax returns. While it might be fair to deny a taxpayer his refund because he failed to act quickly enough, it is completely unfair to deny a taxpayer his refund simply because the IRS failed to act quickly enough. Congress certainly did not intend for the taxpayer's ability to collect a refund in Tax Court to turn on when the IRS mailed its notice of deficiency.

The Commissioner's interpretation of § 6512(b)(3)(B) of the Code, which the Tax Court has accepted below and in numerous other decisions, goes against the clear intent of Congress and against common sense. It creates a loophole for the IRS, allowing it to deny refunds to taxpayers who have overpaid their taxes and who have filed tax returns and claims for refund within three years of

the due date for filing tax returns. We reverse the decision of the Tax Court and hold that the Tax Court had the authority to determine the amount of Lundy's refund for overpaid taxes.

## V.

The Tax Court's interpretation of § 6512(b)(3)(B) in this case follows a recent trend in the Tax Court, beginning with *Allen v. Commissioner*, 99 T.C. 475, 1992 WL 252851 (1992), *aff'd*, 23 F.3d 406 (6th Cir. 1994) (table), and succeeded by at least nine other decisions of the Tax Court. *See Braman v. Commissioner*, T.C.M. (P–H) 92,636, 1992 WL 314025 (1992); *Davison v. Commissioner*, T.C.M. (P–H) 92,709, 1992 WL 366470 (1992), *aff'd*, 9 F.3d 1538 (2d Cir.1993) (table); *Durham v. Commissioner*, T.C.M. (P–H) 93,021, 1993 WL 7557 (1993); *Ermatinger v. Commissioner*, T.C.M. (P–H) 93,075, 1993 WL 59295 (1993); *Richards v. Commissioner*, T.C.M. (P–H) 93,102, 1993 WL 83413 (1993), *aff'd*, 37 F.3d 587 (10th Cir.1994); *Sumiel v. Commissioner*, T.C.M. (P–H) 93,-104, 1993 WL 81526 (1993); *DiPlacido v. Commissioner*, T.C.M. (P–H) 93,169, 1993 WL 118064 (1993); *Patronik–Holder v. Commissioner*, 100 T.C. 374, 1993 WL 128151 (1993); *Olmstead v. Commissioner*, T.C.M. (P–H) 93,216, 1993 WL 166940 (1993). Furthermore, since the Tax Court decided Lundy's case, it has applied the same interpretation of § 6512(b)(3)(B) in at least nine other decisions. *See Phillips v. Commissioner*, T.C.M. (P–H) 93,284, 1993 WL 231724 (1993); *Rossman v. Commissioner*, T.C.M. (P–H) 93,351, 1993 WL 306676 (1993); *Raczkiewicz v. Commissioner*, T.C.M. (P–H) 93,617, 1993 WL 534003 (1993); *Rosencranz v. Commissioner*, T.C.M. (P–H) 94,075, 1994 WL 53740 (1994); *Dyball v. Commissioner*, T.C.M. (P–H) 94,076, 1994 WL 53724 (1994); *Kicza v. Commissioner*, T.C.M. (P–H) 94,115, 1994 WL 87582 (1994); *Floyd v. Commissioner*, T.C.M. (P–H) 94,379, 1994 WL 424070 (1994); *Glazier v. Commissioner*, T.C.M. (P–H) 94,-415, 1994 WL 454624 (1994); *Khinda v. Commissioner*, T.C.M. (P–H) 94,617, 1994 WL 704789 (1994).[11]

---

11. Although the Tax Court applied the two-year limitation period under § 6512(b)(3)(B) in cases

Contrary to this recent trend, we emphasize that the IRS, until 1992, had *always* treated § 6512(b)(3)(B) as providing a three-year refund period where the taxpayer filed a tax return and a claim for refund after the IRS mailed the notice of deficiency. Only recently has the IRS interpreted § 6512(b)(3)(B) to provide only a two-year refund period in a situation like Lundy's. In fact, the Commissioner's February 19, 1991 answer to Lundy's petition for redetermination did not argue that his claim for refund was time-barred. Furthermore, the IRS sent Lundy a letter on February 3, 1992, informing him that he should either have received his refund check or should expect it soon. The IRS seemed ready to pay Lundy his refund prior to March 17, 1992, when the Commissioner moved to amend its answer and argued for the first time that the Tax Court did not have the authority to grant Lundy his refund. We suspect that the IRS's interpretation of § 6512(b)(3)(B) originated sometime in 1991 or 1992. Furthermore, the IRS's literature does not explain that a taxpayer who receives a notice of deficiency more than two years after the due date of tax returns and who subsequently files a tax return cannot claim a refund in the Tax Court.

The Tenth Circuit has explicitly followed the Tax Court's interpretation of § 6512(b)(3)(B) in a case with facts identical to Lundy's situation. *Richards v. Commissioner*, 37 F.3d 587 (10th Cir.1994).[12] Other circuits have followed the interpretation of § 6512(b)(3)(B) in other factual circumstances. *See Galuska v. Commissioner*, 5 F.3d 195 (7th Cir.1993) (applying two-year

limitation under § 6512(b)(3)(B) where taxpayer filed petition in Tax Court four and one-half years after the due date for tax returns and one and one-half years after receiving the notice of deficiency); *Miller v. United States*, 38 F.3d 473 (9th Cir.1994) (recognizing that two-year limitation would have applied under § 6512(b)(3)(B) although taxpayer filed claim for refund in a United States district court and § 6511 applied); *Anderson v. Commissioner*, No. 93–2501, 1994 WL 483448 (4th Cir. Sept. 8, 1994) (applying two-year limitation under § 6512(b)(3)(B) where taxpayer filed petition in Tax Court more than three years after the due date for tax returns although only three months from receiving notice of deficiency). Because we depart from those circuits, we find it necessary to discuss their decisions.

The Seventh Circuit construed § 6512(b)(3)(B) in *Galuska v. Commissioner*, 5 F.3d 195 (7th Cir.1993). In that case, Galuska's 1986 income tax return was due on April 15, 1987. On April 15, 1987, he filed for an extension of time to file his tax return until August 15, 1987. He also made a payment of $20,000, even though only $3,531 had been withheld during 1986. On August 15, 1987, he filed for another extension until October 15, 1987. However, he did not file a return by that date either. On April 12, 1990, almost three years from the original due date for tax returns, the IRS mailed Galuska a notice of deficiency. On September 19, 1991, over one and one-half years after the mailing of the notice of deficiency, Galuska finally filed his tax return. The return showed that his tax liability was only

---

before *Allen,* we note that in those cases the taxpayer either did not file a tax return after receiving the notice of deficiency, *see, e.g., Liles v. Commissioner,* T.C.M. (P–H) 89,613, 1989 WL 135404 (1989); *Carey v. Commissioner,* T.C.M. (P–H) 87,452, 1987 WL 40511 (1987); *Nason v. Commissioner,* T.C.M. (P–H) 84,534, 1984 WL 15178 (1984); *Straw v. Commissioner,* T.C.M. (P–H) 83,641, 1983 WL 14623 (1983); *White v. Commissioner,* 72 T.C. 1126, 1979 WL 3852 (1979), or filed the tax return after petitioning the Tax Court, *see, e.g., Berry v. Commissioner,* 97 T.C. 339, 1991 WL 181772 (1991) (because notice of deficiency mailed more than five years after due date for filing tax returns, taxpayer could not collect refund even under three-year

limitation period); *Morin v. Commissioner,* T.C.M. (P–H) 90,404, 1990 WL 108326 (1990) (taxpayer filed petition for redetermination before filing delinquent return). Thus, these cases are factually distinguishable from Lundy's case, and for this reason, we do not discuss them here.

**12.** In cases with identical facts, the Second and Sixth Circuits have affirmed, without publishing an opinion, the Tax Court's interpretation of § 6512(b)(3)(B). *Allen v. Commissioner,* 99 T.C. 475, 1992 WL 252851 (1992), *aff'd* 23 F.3d 406 (6th Cir.1994) (table); *Davison v. Commissioner,* T.C.M. (P–H) 92,709, 1992 WL 366470, *aff'd* 9 F.3d 1538 (2d Cir.1993) (table).

$1,448, and he filed a claim for refund in the Tax Court for his overpayment of $22,083.

The Seventh Circuit held that Galuska could not receive his refund from the Tax Court because he had not paid his taxes within two years of the mailing of the notice of deficiency. The Seventh Circuit interpreted § 6512(b)(3)(B) to mean that Galuska is deemed to have filed his claim for refund in the Tax Court on April 12, 1990, the date of the mailing of the notice of deficiency. Because Galuska had not filed a tax return by April 12, 1990, the two-year limitation period under § 6511(b)(2)(B) applied. If the court had applied the three-year limitation period from the date of the mailing of the notice of deficiency, Galuska would have received his refund.

The Seventh Circuit bolstered its conclusion by noting that Galuska would not have received his refund if he had filed a claim in a district court. *Id.* at 197. This is true. Under § 6511(b)(2)(A), Galuska would have received a three-year refund period, plus an extra six months because of the extensions he received. However, Galuska paid his taxes on April 15, 1987, which is more than three years and six months from September 19, 1991, the date he filed his claim for refund.

Nonetheless, we believe that *Galuska* was correctly decided but for the wrong reason. The Tax Court should have applied a refund period of three years and six months, just as a district court would have, but started the refund period from the date of mailing the notice of deficiency. Because Galuska had paid his taxes on April 15, 1987, which is less than three years and six months from April 12, 1990, the date of the mailing of the notice of deficiency, Galuska should have received his refund.

What makes *Galuska* a difficult case is that Galuska, after receiving the notice of deficiency, waited one and one-half years before filing his return. Our interpretation of § 6512(b)(3)(B) raises the specter that a taxpayer, knowing that the three-year refund period will run from the date of the mailing

of the notice of deficiency, could wait ten or twenty years before filing a tax return and claiming his refund in Tax Court.

The Code, however, already prevents a taxpayer from delaying for so long. Section 6213(a) of the Code requires a taxpayer to file a petition for redetermination within 90 days of the mailing of the notice of deficiency. 26 U.S.C. § 6213(a). Section 6512(a) also requires the taxpayer to file a petition within the 90-day time period prescribed by § 6213(a). Thus, a taxpayer cannot delay for ten or twenty years and expect to collect his refund. If the taxpayer does not file a petition for redetermination[13] within 90 days of the mailing of the notice of deficiency, the taxpayer cannot invoke the jurisdiction of the Tax Court in the first place.

The Seventh Circuit should have disposed of *Galuska* under § 6213(a). If Galuska had filed a tax return and a petition for redetermination anytime between April 12, 1990 and July 12, 1990, he should have received his refund. However, Galuska delayed until September 19, 1991. The Tax Court should have found Galuska's petition to be untimely under § 6213(a) and not reached the issue of the refund period under § 6512(b)(3)(B).

The Tenth Circuit recently construed § 6512(b)(3)(B) in a case with facts identical to that of Lundy. In *Richards v. Commissioner*, 37 F.3d 587 (10th Cir.1994), Richards's 1987 income tax return was due on April 15, 1988. However, Richards never filed a return, and on October 22, 1990, the IRS mailed a notice of deficiency. On January 23, 1991, Richards filed a tax return showing an overpayment of income tax. Richards filed a claim for refund in the Tax Court.

The Tenth Circuit held that, under § 6512(b)(3)(B), Richards was deemed to have filed her claim for refund on October 22, 1990, the date of the mailing of the notice of deficiency. Because Richards did not file a tax return until January 23, 1991, the Tenth Circuit applied the two-year refund period under § 6511(b)(2)(B). Because Richards

---

**13.** If the taxpayer wants to file a claim for refund in the Tax Court, he would include it in his petition for redetermination.

paid her taxes on April 15, 1988, more than two years before the date of the mailing of the notice of deficiency (October 22, 1990), the Tenth Circuit concluded that the Tax Court did not have the authority to grant Richards her refund.

For the reasons stated above, we disagree with the decision of the Tenth Circuit in *Richards* and refuse to follow it.

Although the facts in *Miller v. United States*, 38 F.3d 473 (9th Cir.1994), differ significantly from the case before us, we feel the need to discuss the Ninth Circuit's dicta regarding § 6512(b)(3)(B). In *Miller*, Robin and Diane Miller failed to file a joint return for the tax year 1986 on April 16, 1987. The IRS mailed the Millers a notice of deficiency on August 23, 1989. On April 16, 1990, the Millers mailed their 1986 tax return, which claimed a refund. The IRS received the tax return on April 18, 1990. The filing, however, was deficient because it lacked a necessary schedule and because a photocopy was sent instead of an original. The Millers filed a corrected return in February 1991. The IRS, however, issued a notice of disallowance of claim on May 23, 1991. The Millers filed an action in a United States District Court for the Western District of Washington in April 1992. Unlike Lundy, the Millers chose to sue in a district court instead of the Tax Court.

Because the Millers sued in a district court, § 6511 applied. The Millers are deemed to have paid their taxes on April 15, 1987. The Millers filed a claim for refund with the tax return, but it is not immediately clear whether they filed their tax return on April 16, 1990, when they mailed their original tax return; on April 18, 1990, when the IRS received the original tax return; or in February 1991, when the Millers filed a corrected tax return. The Ninth Circuit, however, did not address this issue.

Instead, the Ninth Circuit construed § 6511(a) to hold that the Millers' claim was untimely. Section 6511(a) provides:

Claim for credit or refund of an overpayment of any tax ... shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a). The Ninth Circuit interpreted this provision to mean that a taxpayer who has not filed a tax return has two years to file a claim for refund. If the taxpayer has not filed a tax return as of two years after the date of payment of taxes, any claim for refund is untimely. 38 F.3d at 475. The Ninth Circuit reasoned:

Section 6511 has as its purpose foreclosing untimely claims. If the [three-year] clock were to run only from the filing of the return, no claim would ever be barred as long as the return was not filed. This result is precluded by the statutory insistence that a claim be filed within two years after the payment of the taxes "if no return was filed by the taxpayer." The point at which one must determine whether a return has or has not been filed, for purposes of that clause, must be two years after payment. Otherwise, no claim could ever finally be barred by the two-year-after-payment clause because the taxpayer could at any time file a return and have three more years to assert the claim.... To hold that any return, no matter how delinquent, starts the three-year period would not only nullify part of § 6511, but also reward taxpayers for delaying the filing of their returns.

*Id.* at 475–76. We do not agree with the reasoning of the Ninth Circuit. A taxpayer, under § 6511(a), has three years from the date of the filing of even a delinquent tax return to file a claim for refund. This provision, however, gives no extra advantage to delinquent taxpayers. If the delinquent taxpayer does not file a tax return and a claim for refund within three years of the payment of taxes, the taxpayer will be prohibited from collecting a refund under § 6511(b)(2). Section 6511, read as a whole, does provide for the foreclosing of untimely claims. However, we read § 6511 to provide even delinquent taxpayers with three years to file their claims before losing them forever.

To bolster its misreading of § 6511(a), the Ninth Circuit argued that the Millers' claim

would have been denied if they had filed in Tax Court instead of district court. The Ninth Circuit argued that, under § 6512(b)(3)(B), the relevant limitation period is that which would apply if a claim for refund had been filed on the date of the mailing of the notice of deficiency. Because Lundy had not filed a tax return on that date, the Ninth Circuit argued that the Tax Court would have applied a two-year limitation period. Because the notice of deficiency was mailed more than two years after the Millers paid their taxes, the Tax Court would have denied the refund.

According to the Ninth Circuit, the fact that the two-year period would apply in the Tax Court justified the application of two-year limitation in the district court. "The taxpayer is not supposed to derive an advantage by choosing one forum over another." *Id.* at 476. We agree that the Millers should have had the same period of time to file a claim for refund in the Tax Court that they had in the district court. However, we believe that they had three years from the payment of taxes to file their claim for refund. We disagree with the Ninth Circuit's interpretation of both § 6511(a) and § 6512(b)(3)(B).

Finally, our own Court has recently interpreted § 6512(b)(3)(B) in *Anderson v. Commissioner,* No. 93–2501, 1994 WL 483448 (4th Cir. Sept. 8, 1994) (per curiam) (unpublished). In *Anderson,* the Andersons did not file joint tax returns for 1986 and 1987 income taxes on April 15, 1987 and April 15, 1988, respectively, when they were due. On September 19, 1990, the Commissioner of Internal Revenue mailed notices of deficiency for the 1986 and 1987 tax years to Ann Anderson. On November 14, 1990, the Commissioner mailed notices of deficiency for the 1986 and 1987 tax years to Vernon Anderson. On December 12, 1990, the Andersons filed a petition for redetermination in the Tax Court. However, the Andersons had not

filed tax returns on the date they filed their petition; they filed their tax returns on April 10, 1992.

This Court correctly held that the Tax Court did not have the authority to order a refund, even though the Andersons overpaid their taxes. The Tax Court correctly applied a two-year refund period because on the date that the Andersons *actually* filed their petition for redetermination, they had not yet filed a tax return. (It is insignificant that they had not filed a tax return on the date of the mailing of the notice of deficiency.) Because the Andersons had not paid their taxes within two years of September 19, 1990, the date of the mailing of the notice of deficiency, the Tax Court could not grant a refund.

The facts of *Anderson,* however, are different from Lundy's case. Lundy filed his tax return on the same day he petitioned the Tax Court. Under these circumstances, the three-year refund period should have applied, and the Tax Court should have granted Lundy his refund.

## VI.

We hold that the Tax Court should have applied the three-year refund period in Lundy's case. Because Lundy paid his taxes within three years prior to the date of the mailing of the notice of deficiency, the Tax Court had the authority to determine the amount of Lundy's overpayment of tax and to order a refund. We therefore reverse and remand the decision of the Tax Court.[14]

*REVERSED AND REMANDED.*

---

**14.** We deny as moot the Commissioner's motion to strike Lundy's second supplemental brief. At oral argument, we granted Lundy leave to file a second supplemental brief for the limited purpose of addressing the Ninth Circuit's recent decision in *Miller v. United States,* 38 F.3d 473 (9th Cir.1994). The Commissioner has moved to strike this brief because less than four pages of

the 18–page brief discusses the *Miller* opinion. We have considered that portion of the brief that addresses the *Miller* opinion and have discussed that case in our opinion. So far as that part of the supplemental brief that refreshes the arguments in Lundy's original briefs, we regard such part as immaterial. Because of this pending motion, the Commissioner has not filed a re-

sponse to Lundy's second supplemental brief. As our opinion makes clear, however, the *Miller* case is only marginally relevant to the case before us, and we do not find it necessary to delay filing our opinion because of the Commissioner's outstanding motion or because the Commissioner has not yet filed a response to Lundy's second supplemental brief.