**Jane M. RICHARDS, f/k/a Jane M. Morgan, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 93–9016.

United States Court of Appeals, Tenth Circuit.

Oct. 5, 1994.

Rehearing Denied Dec. 15, 1994.

David M. Kirsch, San Jose, CA, for petitioner-appellant.

Regina S. Moriarty (Michael L. Paup, Acting Asst. Atty. Gen., and Richard Farber with her on the brief), Tax Div., Dept. of Justice, Washington, DC, for respondent-appellee.

Before BALDOCK, McWILLIAMS and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Ms. Richards appeals the judgment of the United States Tax Court denying her claim for a refund of taxes withheld in 1987. The narrow issue presented in this case requires us to interpret two specific sections of the Internal Revenue Code ("the Code"), 26 U.S.C. §§ 6511 and 6512(b)(3)(B), to determine whether Ms. Richards' refund claim was timely. We have jurisdiction to review a final decision of the tax court under 26 U.S.C. § 7482(a)(1) and we affirm.

## BACKGROUND [1]

Ms. Richards, an accountant, did not initially file a tax return for the 1987 calendar year. Federal income taxes and Social Security taxes were withheld for that tax year, however, and under applicable law, those taxes were deemed paid on April 15, 1988. *See* 26 U.S.C.A. § 6513(b)(1). Because Ms. Richards had not filed her return, the Internal Revenue Service ("Service") was uncertain whether she was deficient in her 1987 tax payments. On October 22, 1990, the Service mailed her a notice of deficiency. In response to this notice, Ms. Richards eventually filed a tax return on January 23, 1991, for the 1987 year, correctly showing she had in fact overpaid her taxes and claiming a refund.

The Service refused Ms. Richards' refund claim and she thereafter sought relief in tax court. The issue before the tax court was whether Ms. Richards' refund claim was timely. The tax court, relying on the weight of past tax court decisions, concluded Ms. Richards' claim was untimely and therefore she was not entitled to a refund under the applicable statutes. It is this ruling of law by the tax court that forms the basis for Ms. Richards' appeal.

## DISCUSSION

We review tax court rulings "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C.A. § 7482(a)(1);

1. The material facts were stipulated to before the tax court pursuant to Tax Court Rule 91, and accordingly, they are undisputed.

2. "The taxpayer has three forums in which he may initiate litigation involving tax matters. They are the district courts, Claims Court or Tax Court." Mertens, *Law of Federal Income Taxation*, § 58A.05 (1992). In the present case, we only concern ourselves with the relationship between the federal district courts and the tax courts.

3. Ms. Richards argues the tax court statutes are "trap[s] for the unwary." We find little difficulty agreeing with this characterization relative to the entire scheme of limitations on taxpayer refunds at issue in this case. Having reviewed Congress' various attempts over the last sixty years to draft limitations on refund claims, we find the present state of the law still leaving something to be

accord, *Houston Oil and Minerals Corp. v. Commissioner*, 922 F.2d 283, 285 (5th Cir. 1991). Thus, the tax court's interpretation of the statutes in question is subject to *de novo* review. *See NCAA v. Commissioner*, 914 F.2d 1417, 1420 (10th Cir.1990).

### I.

Our inquiry focuses on the statutory limitations periods for taxpayer refund claims and the respective triggering events in both federal district court and tax court.[2] In order to understand the issue presented in this appeal, an overview of the relatively tedious statutes at issue is appropriate since the starting point for our analysis is the statutory language.[3] *See Central Trust Co. v. Official Creditors' Comm. of Geiger Enters.*, 454 U.S. 354, 359–60, 102 S.Ct. 695, 697–98, 70 L.Ed.2d 542 (1982) (*per curiam*) (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

### A.

The Code imposes general limitations on both the period for filing a refund claim (the "filing period") and on the period for calculating the amount of refund (the "refund period"). 26 U.S.C.A. § 6511(a)–(b). The analysis is further compounded because, as we discuss below, these limitations periods have different triggering events depending on whether the claim is filed in federal district court or tax court.[4] Subsection 6511(a) defines the filing period as follows:

desired. While our function is limited to interpreting the laws as written, we note that as the clarity of Congress' intent increases, the likelihood of erroneous statutory interpretation by the judiciary decreases. Moreover, in this particular context, we believe the tax code should provide a layperson with the clearest guidance possible.

4. "The Tax Court is a court of limited jurisdiction." *Commissioner v. McCoy*, 484 U.S. 3, 7, 108 S.Ct. 217, 219, 98 L.Ed.2d 2 (1987); *accord, Alford v. Commissioner*, 800 F.2d 987, 988 (10th Cir.1986). Section 6512(b)(1) is an affirmative grant of subject matter jurisdiction from Congress to the tax court that permits the tax court to adjudicate taxpayer refund claims, subject to any limitations embodied in other provisions of the Code.

Claim for ... refund of an overpayment of any tax ... shall be filed by the taxpayer within 3 years from the time the return was filed ... or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C.A. § 6511(a).

In general, a court reviewing a refund claim must first examine whether a taxpayer has satisfied the statutory filing period pursuant to § 6511(a). If a taxpayer has satisfied the filing period, then one refund period applies; if the filing period has not been satisfied, then a different, and shorter, refund period applies. *See* 26 U.S.C.A. § 6511(b)(2)(A)–(B).

The refund period in § 6511(b) restricts the taxpayer's ability to recover overpaid taxes to either the two-year or three-year period immediately preceding the filing of the refund claim. Which period applies is dependent upon the filing period the taxpayer has satisfied. "If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of .... refund shall not exceed the portion of the tax paid within the [three] years immediately preceding the filing of the claim." 26 U.S.C.A. § 6511(b)(2)(A). Alternatively, "[i]f the claim was not filed within such 3–year period, the amount of the ... refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." 26 U.S.C.A. § 6511(b)(2)(B).

Under § 6511(a), the benchmark date for measuring the triggering events of the relevant periods in federal district court is the date on which the taxpayer actually filed a return. Under § 6512(b)(3)(B),[5] however, if the suit is filed in tax court, the Commissioner does not rely on the date the return was actually filed by the taxpayer but instead, focuses on the date the Service mailed the taxpayer a notice of deficiency.

**B.**

Applying these principles to the case before us, Ms. Richards is deemed to have filed her refund claim on October 22, 1990, the date the Service mailed her a notice of deficiency. *See* 26 U.S.C.A. § 6512(b)(3)(B). The issue then becomes one of determining the appropriate refund period. Section 6512(b)(3)(B) cross-references § 6511(b)(2) to determine the refund period. Section 6511(b)(2)(A) provides a three-year refund period, while § 6511(b)(2)(B) provides only a two-year refund period. The longer refund period in § 6511(b)(2)(A) applies only if the claim for refund was filed "during the 3–year period prescribed in [§ 6511](a)." If it was not, then the taxpayer is limited to the two-year refund period in § 6511(b)(2)(B).

■ It is undisputed that in tax court, Ms. Richards' claim was deemed filed on the date she received her notice of deficiency, October 22, 1990, although her return was filed on January 23, 1991. As a result, her claim was not filed "within 3 years *from the time* the return was filed." 26 U.S.C.A. § 6511(a) (emphasis added). The ordinary understanding of the words "from the time" implies that the taxpayer must file the return *prior to* filing the claim in order to benefit from the three-year refund period. Ms. Richards' return, however, was filed on January 23, 1991, after the date her claim was deemed filed in tax court. Therefore, she cannot avail herself of the three-year refund period under § 6511(b)(2)(A), and she is necessarily limited to the two-year refund period under § 6511(b)(2)(B).

■ Under the two-year refund period, Ms. Richards may only obtain a refund for tax payments she made on or after October 22, 1988. By operation of § 6513(b)(1), Ms. Richards' 1987 taxes were deemed paid on April 15, 1988, which is outside the two-year refund period. As a result, the tax court correctly held that § 6512(b)(3)(B) prohibits her from recovering any overpaid taxes, a result that accords with the ruling of at least[6] one other circuit court. *See Galuska*

---

**5.** The tax court found, and the parties agree, that only subsection (B) of this statute applies and therefore we limit our discussion to that section.

**6.** Several other courts of appeals have decided this issue in unpublished opinions. We do not,

however, cite those opinions as authority out of deference to the local court rules of those circuits. *E.g., Anderson v. Commissioner,* 36 F.3d

*v. Commissioner,* 5 F.3d 195, 196 & n. 2 (7th Cir.1993) (citing tax court decisions).

*Galuska* involved facts almost identical to those presented in this case. Mr. Galuska, the taxpayer, sought a refund for overpaid taxes for 1986. He did not file a return for 1986, however, until September 19, 1991, which was approximately one-and-one-half years after the April 12, 1990 date when the Service mailed him a notice of deficiency. He sought a refund in tax court, and while that court agreed Mr. Galuska had overpaid his 1986 taxes, it concluded his claim was untimely by virtue of the two-year refund period. *Id.* at 195–96. The sole issue on appeal involved whether the tax court correctly applied § 6512(b)(3)(B).

The Seventh Circuit concluded that Mr. Galuska had not filed a claim within three years of the time he filed his return, and therefore, the two-year refund period under § 6511(b)(2)(B) applied. *Id.* at 196. Because Mr. Galuska had paid the taxes for which he sought a refund before the two-year refund period from the date the notice of deficiency was mailed, "Section 6512(b)(3)(B) preclude[d] any refund of his overpayment." *Id.* We agree with our sister circuit's holding and

analysis of this issue and the result it dictates in our case.

## II.

We would be remiss, however, if we did not address one additional argument advanced by Ms. Richards. She contends, as did Mr. Galuska, that if she had sought a refund in federal district court, her claim would have been timely and she would be entitled to a refund. She asserts that in federal district court, her return, which was filed on January 23, 1991, would constitute a claim for refund.[7] She further asserts that her 1987 taxes, which were deemed filed on April 15, 1988, would be refundable because under the three-year refund period applicable to her claim, she could seek a refund of taxes paid on or after January 23, 1988. Thus, her argument goes, it would be inequitable to find the refund claim viable in federal district court but not in tax court.

Mr. Galuska unsuccessfully advanced the same argument before the Seventh Circuit. The court analyzed the relevant statutory provisions and stated if the refund had been sought in federal district court, then Mr.

---

1091 (Table) (4th Cir. 1994) (citation limited by I.O.P. 36.5, 36.6); *Allen v. Commissioner,* 23 F.3d 406 (Table) (6th Cir.1994) (citation limited by 6th Cir.R. 24(c)); *Davison v. Commissioner,* 9 F.3d 1538 (Table) (2d Cir.1993) (citation limited by 2d Cir.R. 23); *Cary v. Commissioner,* 880 F.2d 416 (Table) (9th Cir.1989) (citation limited by 9th Cir.R. 36–3). *Accord,* 10th Cir.General Order of Nov. 29, 1993, 151 F.R.D. 470 (disfavoring the citation of unpublished opinions).

7. Under Treasury regulations, a properly executed tax return can constitute a claim for refund within the meaning of § 6511. 26 C.F.R. § 301.-6402–3(a)(5). To constitute a claim for refund, a tax return must contain "a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit against the taxpayer's estimated income tax" for the succeeding tax year. *Id.* Both Ms. Richards' tax return and the accompanying letter to the Service satisfy this additional requirement.

Moreover, when the combined return/claim for refund is filed past the original due date for the filing of a tax return, an interpretive ruling of the Service indicates the claim satisfies the three-year filing period of § 6511(a). *See* Rev.Ruling 76–511, 1976–2 C.B. 428. This ruling gives the following facts as an example:

> On April 30, 1976, *A* filed a 1972 Federal income tax return showing an overpayment of tax.
>
> . . . .
>
> In this case, *A* filed a claim for refund within the 3–year period of limitation prescribed by section 6511(a) of the Code, because, under section 301.6402–3 of the regulations, *A*'s 1972 income tax return was a claim for refund." Rev.Ruling 76–511, 1976–2 C.B. 428–29. In other words, if a claim is filed simultaneously with a return, then the courts that have considered this issue have almost unanimously held the claim is considered filed within three years from the filing of the return even though the return was due years earlier. *See, e.g., Domtar Newsprint Sales Ltd. v. United States,* 435 F.2d 563, 564–67 (Ct.Cl.1970); *Blatt v. United States,* 830 F.Supp. 882, 885 (W.D.N.C.1993); *Becker v. Department of Treasury/I.R.S.,* 823 F.Supp. 231, 232 (S.D.N.Y. 1993); *Mills v. United States,* 805 F.Supp. 448, 450 (E.D.Tex.1992); *England v. United States,* 760 F.Supp. 186, 187 (D.Kan.1991). *But see Miller v. United States,* 93–1 U.S.T.C. ¶ 50,018, 1992 WL 438015 (W.D.Wash. Dec. 1, 1992) (holding the 3–year filing period of § 6311(a) does not apply to late tax return filings and citing two decisions from the same district).

Galuska would be entitled to the three-year refund period as of September 19, 1991, the date his return was actually filed. *Id.* at 197. *On the facts of that case,* however, the taxes for which he sought a refund were deemed paid on April 15, 1987, which was outside of the three-year refund period. *Id.* Moreover, in a footnote in an earlier section of the opinion, the court stated:

In view of Section 6512(b)(3), a taxpayer who asks the Tax Court for a refund of an overpayment is treated the same as if he had brought a refund suit in the district court, so that there is no advantage in choosing one forum over the other.

*Id.* at 196 n. 1.

■ We call attention to these portions of the *Galuska* opinion to emphasize what we perceive to be the fact-intensive nature of this analysis. While Mr. Galuska would not have gained an advantage in choosing federal district court as opposed to tax court, Ms. Richards' case intimates a different conclusion. If Ms. Richards' claim had been brought in federal district court, we would have agreed with her position that the three-year refund period applied under § 6511(b)(2)(A) and the taxes she overpaid would have been refundable.

Thus, while the facts of *Galuska* suggest "no advantage" to choosing a particular forum to litigate this issue, *see Galuska,* 5 F.3d at 196 n. 1, the facts of Ms. Richards' case suggest a contrary result. Furthermore, while we recognize the potential inequities and ramifications when the outcome may be dependent on the forum in which the case was litigated, *cf. Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), our task is not to scrutinize the wisdom underlying the laws enacted by the representative branches of government.

Our only means of discerning whether Congress "intended" this particular result is our authority to interpret and effectuate the plain language of these tax refund limitation statutes. Although we find the statutes and their cross-references somewhat convoluted, their import is clear to us and compels the conclusion we have reached in this case, notwithstanding the fact that a contrary result may have been reached had this case been litigated in a different forum.

## CONCLUSION

The tax court correctly denied Ms. Richards' claim for a refund pursuant to § 6512(b)(3)(B) because the taxes for which she sought a refund were paid outside of the two-year refund period and were therefore nonrefundable. Accordingly, we **AFFIRM** the judgment of the tax court denying Ms. Richards' claim.