Donald L. PORTER and Leora L. Porter, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2:95cv1127.

United States District Court, E.D. Virginia, Norfolk Division.

March 26, 1996.

Steven Jay Harwood, McGuire, Woods, Battle & Boothe, Norfolk, VA, for plaintiffs.

Gregory D. Stefan, United States Attorney's Office, Norfolk, VA, Beverly A. Moses, U.S. Department of Justice, Tax Division, Washington, DC, for defendant.

## OPINION AND ORDER

DOUMAR, District Judge.

This matter is before the Court upon the United States' motion to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). For the reasons set out below, the motion is GRANTED in part and DENIED in part.

### I. *Facts*

On or about April 15, 1988, Plaintiffs filed an Internal Revenue Service (I.R.S.) Form 4868, an "Application for Automatic Extension of Time to File U.S. Individual Income Tax Return," and remitted $15,000.00, an amount which plaintiffs estimated at that time would be their income tax liability for 1987, less amounts already paid or withheld. On or about March 1, 1993, plaintiffs filed a joint federal income tax return for the calendar year of 1987 reflecting a balance due of $2866.00. The return for 1987 reported income and deductions based upon plaintiffs' belief that a corporation in which plaintiffs had an ownership interest had properly elected to be treated as a subchapter S corporation.

On or about March 1, 1994, the I.R.S. notified plaintiffs that this corporation had not properly elected to be a subchapter S corporation, and as a result, returns filed by plaintiffs were adjusted, including the 1987 return. The result of this adjustment was that an overpayment of approximately $12,767.00 for the year 1987 had occurred. On or about March 1, 1994, plaintiffs requested a refund from the I.R.S., but the refund was denied because of the application of the statute of limitations. Plaintiffs then filed this action in federal court.

### II. *Motion to Dismiss*

■ The government has moved to dismiss this action for lack of subject matter jurisdiction. When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the court should consider "whether plaintiff[s'] allegations, standing alone and taken as true [plead] jurisdiction and a meritorious cause of action." *Dickey v. Greene,* 729 F.2d 957, 958 (4th Cir.1984). Once the existence of subject matter jurisdiction is challenged, the burden of establishing its existence always rests upon the party asserting jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. (RF & P R.R.) v. United States,* 945 F.2d 765, 768 (4th Cir.1991), *cert. denied,* 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992). The court should regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.* (citing *Adams v. Bain,* 697 F.2d 1213, 1216 (4th Cir.1982)).

■ Based on the dispositive nature of a Rule 12(b)(1) motion challenging the underlying subject matter jurisdiction of the action, the court must ensure that the record has been fully developed before deciding the motion. *Adams,* 697 F.2d at 1220; *E.E.O.C. v. Alford,* 142 F.R.D. 283, 286 (E.D.Va.1992). This Court must apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *RF & P R.R.,* 945 F.2d at 768.

### III. *26 U.S.C. § 6511*

#### A. *§ 6511(a)*

■ First, a brief and generalized review of federal court jurisdiction over tax

refund cases is appropriate. A taxpayer has the right under 28 U.S.C. § 1346(a)(1) to file suit to recover any internal revenue tax alleged to have been erroneously or illegally collected or assessed. *Webb v. United States*, 66 F.3d 691, 693 (4th Cir.1995). This provision incorporates the limits set out in 26 U.S.C. § 6511. A taxpayer has two choices of forum under the tax code when claiming a refund. If the taxpayer has been given a notice of deficiency by the I.R.S. and desires to bring a claim for a refund or credit associated with that claimed deficiency, the suit is brought in Tax Court, and jurisdiction is granted in 26 U.S.C. § 6512(a) and (b)(1). *Lundy v. Commissioner*, 45 F.3d 856, 859 (4th Cir.1995), *rev'd on other grounds*, —— U.S. ——, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996). If, however, the taxpayer has paid the tax and chooses to make a petition for a credit or refund of that overpayment where no relevant deficiency notice has been sent, the taxpayer may file in federal district court. This case concerns the latter, obviously, and jurisdiction here is determined by looking at 26 U.S.C. § 6511.

■ If, having paid the taxes, the taxpayer makes a petition in district court for a refund, a claim for a refund submitted to the I.R.S. must precede the petition on the district court. *Commissioner v. Lundy*, —— U.S. ——, ——, 116 S.Ct. 647, 650, 133 L.Ed.2d 611 (1996). The jurisdiction of the district court under § 6511 depends upon whether a return was filed, when the claim was presented, and when the tax was paid. If a return for the appropriate year has been filed, the taxpayer's claim must be presented to the I.R.S. within three years of the filing of the return, or within two years of the payment of the tax sought to be refunded or credited, whichever is later. *Id.* at ——, 116 S.Ct. at 650–51. If no return is filed, the claim must be presented within two years of the payment of the tax sought to be refunded. 26 U.S.C. § 6511(a).

■ As with any complicated statutory scheme, an illustration is useful. Assume taxpayer had income withholdings for calendar year 1995 of $5000. Such is deemed "paid" on April 15, 1996, the last day of payment, regardless of any extension. 26

U.S.C. § 6513(a). If the taxpayer seeks a refund of these withholdings, a claim must be presented by April 15, 1998, or within three years of the filing of a return for 1995, regardless of when filed, whichever is later. Thus § 6511(a) is clearly a statute of limitations provision. *Lundy*, —— U.S. at ——, 116 S.Ct. at 650–51.

In this case the sole ground for the government's motion is that plaintiffs' claim is barred by the applicable statute of limitations in 26 U.S.C. § 6511. As described above, that section provides, in relevant part, that a refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." *Id.* § 6511(a). The government does not dispute the fact that plaintiffs filed their 1987 return in March of 1993, and therefore the claim for refund filed in March of 1994 falls within that statute. The government also does not appear to dispute the amount of the overpayment. However, the government maintains that the statutory limitation on the amount of any claim for refund bars the prosecution of this case, requiring dismissal for lack of jurisdiction.

**B. § 6511(b)(2)(A)**

The entire focus of the government's motion rests on § 6511(b). That section provides, in relevant part:

> **(b) Limitation on allowance of credits and refunds. (1) Filing of claim within prescribed period.** No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period. **(2) Limit on amount of credit or refund.** (A) Limit where claim filed within 3–year period. If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), *the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the*

*period of any extension of time for filing the return....*

26 U.S.C. § 6511(b) (emphasis added). At issue in this case, then, is whether plaintiffs are entitled to sue for amounts claimed within the appropriate time period under § 6511(a), but paid outside of the time period prescribed in § 6511(b)(2)(A).

Section 6511(b)(2)(A) provides a "look-back" period to determine what "portion of" the tax paid may be included in the timely-presented claim. *Lundy,* —— U.S. at ——, 116 S.Ct. at 651. For example, assume that taxpayer determines that his tax liability for 1995 is $30,000, and $5000 has been withheld from his wages. On April 15, 1996, taxpayer remits to the I.R.S. the difference of $25,000 along with his return for 1995. Subsequently taxpayer discovers an error and believes his tax liability for 1995 should have been only $20,000. Under § 6511(a), he must present a claim to the I.R.S. for the $10,000 before April 15, 1999, because a return was filed. The amount of taxpayer's claim is limited under § 6511(b)(2)(A) to the "portion of" the tax paid for 1995 no more than three years prior to the presentation of the claim. Thus in the example, if the claim is filed on April 14, 1999, all $10,000 may be claimed, as the withholdings are deemed paid on April 15, 1996, and the $5000 in tax was paid on April 15, 1996, both within three years preceding the presentation of the claim. Similarly, had taxpayer paid his tax or filed his return on January 1, 1996, the same amount may be claimed, as the early payment of the tax or early filing of the return is also deemed paid on the final day. 26 U.S.C. § 6513(a).

■ Complications arise, however, when extensions are granted or returns are filed late. The statute appears to provide that no matter how late a return is filed, if a claim is presented within three years of such date of filing, the timing of the claim satisfies § 6511(a). *Webb,* 66 F.3d at 700 (quoting *Oropallo v. United States,* 994 F.2d 25, 31 n. 7 (1st Cir.1993) (stating however that amounts claimed in relation to late returns must still fall within § 6511(b)(2)(A))). Late filing of the return does not allow indefinite suspension of the limits on the amount of the credit or refund, however, as the relevant starting date for the "look-back" period is the date of presentation of the claim. *Id.* Thus a very late return may give rise to a timely claim many years after the tax year in question, but that claim will be sharply limited by the requirement that the amount of the claim may only include the "portion of" taxes actually paid within the three years preceding the presentation of the claim. *Id.* Additionally if an extension has been granted for the filing of a return, the amount of that extension will be added to the look-back period. *Weigand v. United States,* 760 F.2d 1072, 1073 (10th Cir.1985).

In this case, plaintiffs remitted $15,000.00 in 1988 as an estimation of their (joint) individual tax liability for 1987 along with Form 4868 which requested an automatic four-month extension. Because a four-month extension was granted for the filing of plaintiffs' 1987 return, § 6511(b)(2)(A) prohibits plaintiffs from claiming amounts paid by them prior to December of 1990, three years and four months preceding the presentation of the claim. Based on this provision, the government asserts that the entirety of plaintiffs' claim is barred, given that the plaintiffs' remittance of $15,000.00 on or about April 15, 1988, occurred prior to the prescribed period.

■ Though in theory the government's position is correct, the court must first address a factual issue that neither party appears to have recognized. Three sets of payments appear to have been made by the plaintiffs. First, an amount of $3904.00 had been withheld from plaintiffs earnings during 1987. As stated above, withholdings are deemed paid on the final day on which they are due, the fifteenth day of the fourth month following the year in which the income was received, without regard to any extension. 26 U.S.C. § 6513(b). Thus the $3904.00 in withholding for 1987 is deemed paid on April 15, 1988, and therefore falls outside the prescribed statutory period in § 6511(b)(2)(A). Second, plaintiffs remitted $15,000.00 in April of 1988. This 1988 remittance accompanying the extension request also falls outside of the prescribed period. Finally, plaintiffs appear also to have made a subsequent payment of $2866.00 in March of

1993 when plaintiffs finally filed their 1987 tax return and calculated that amount as still owing for 1987. If that payment was made, then it would fall within the period defined by § 6511(b)(2)(A).

Neither party has directly addressed whether this payment of $2866.00 was ever made, and if it was, when it was remitted. The complaint states that plaintiffs filed a joint federal tax return for the calendar year 1987 "reflecting a balance due of $2,866." Complaint, ¶ 6. Plaintiffs attached a copy of that return for 1987, and line 65 reflects this amount. Complaint, Exhibit B. The instruction on the return corresponding to line 65 states, "enter AMOUNT YOU OWE. Attach check or money order for full amount payable to 'Internal Revenue Service.'" The government does not assert that this amount was not remitted with the 1987 return in 1993. The Court has looked at the complaint and the exhibits and, following *RF & P R.R.*, finds that a genuine issue of material fact still remains as to whether there was a remittance within the prescribed period relating to calendar year 1987. 945 F.2d at 768.[1] For the purposes of this motion, it will be assumed that the 1993 payment of § 2866.00 actually occurred and falls within the prescribed period. For the remainder of the opinion, the Court will address whether all of plaintiffs' payments *except for* the 1993 payment adjoining the 1987 return are barred by the statute.

The Court could find no case where two payments have been made for a single taxable year, one within the statutory period of § 6511 and one outside that period, and then a claim for refund filed. However, the statute appears to contemplate such a situation, since it only bars claims for *payments* made outside the period. That is, Congress might have allowed all claims regardless of when the tax was paid, as long as the claim itself was within the appropriate period in § 6511(a). Instead, the statute only allows appropriately-timed claims for that "portion of" the taxes that have been paid within a certain period of the claim, which quite clear-

ly could result in a situation such as the one before the Court. The use of the phrase "portion of" must be given effect, and the Court does so today. *Crandon v. United States*, 494 U.S. 152, 171, 110 S.Ct. 997, 1008, 108 L.Ed.2d 132 (1990) (Scalia, J. concurring) (stating that "each word in a statute should, if possible, be given effect."); *Galuska v. Commissioner*, 5 F.3d 195, 197 (7th Cir.1993) (stating that the claim would be limited to the "portion of" that tax paid within the prescribed period, which resulted in no allowable claim).

### IV. *Plaintiffs' Arguments*

Plaintiffs present three arguments against the government's assertion that plaintiffs' claim is barred by § 6511(b)(2)(A). First, plaintiffs argue that, unlike § 6511(a), § 6511(b)(2)(A) is not a statute of limitations, and therefore dismissal based upon Fed. R.Civ.P. 12(b)(1) would be improper. Even if that section were a statute of limitations, plaintiffs maintain that the doctrine of equitable recoupment applies here to toll the statute of limitations period. Alternatively, plaintiffs' argue that their $15,000.00 remittance was a deposit rather than a payment. The Court will address each of these arguments in turn.

### A. *Statute of Limitations*

Plaintiffs first argue that § 6511(b)(2)(A) was not intended to bar a taxpayer's action, but rather solely acts as a limit on the amount of the taxpayers claim for credit or for a refund. The Fourth Circuit has spoken concerning this:

The United States, as sovereign, is immune from suit unless it waives that immunity. A statute of limitations requiring that a suit against the government be brought within a certain time period constitutes a condition on the government's waiver of immunity, and as such should be construed strictly in favor of the sovereign. . . .

With respect to suits against it for tax refunds, of course, the United States has

---

1. It very well might be, however, that plaintiffs did not make that payment in 1993 and the I.R.S. would have asserted a deficiency but for the subsequent discovery that the corporation did not properly elect subchapter S status.

to some extent waived its sovereign immunity. Section 1343(a)(1) of Title 28 of the United States Code gives federal district courts jurisdiction over suits against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." However, the general jurisdictional grant in § 1346(a)(1) must be read to incorporate the requirements of 26 U.S.C. [§ 6511(a)].

*Webb*, 66 F.3d at 693 (citations and internal quotations omitted). Thus any statute of limitations made by the sovereign concerning actions against the sovereign will necessarily limit the right to sue the sovereign and thereby limit jurisdiction.

The plaintiffs' argument has some equitable appeal. However this Court is not the first to pass on the issue. The Fourth Circuit stated in *Webb* that § 6511(b)(2)(A) is not a "pure" statute of repose, "but instead works together with § 6511(a) to operate like a statute of limitations." *Id.* at 700. The issue in *Webb* was whether equitable tolling was allowed in tax cases, and the Fourth Circuit addressed the issue of whether § 6511(b)(2)(A) is better characterized as a statute of limitations or a statute of repose. That question was relevant to the issue before the Court because if it was more like the former, equitable tolling could apply, but if it were akin to the latter, equitable tolling must not apply, as the statute would have created "a substantive right in those protected to be free from liability after a legislatively determined period of time." *Id.* at 700–01 (quoting *First United Methodist Church v. United States Gypsum Co.,* 882 F.2d 862, 865–66 (4th Cir.1989), *cert. denied,* 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990)). The Fourth Circuit ultimately held that § 6511(b)(2)(A) is analogous to a statute of repose, having stronger force than a mere statute of limitations, supporting its holding that § 6511 generally cannot be subject to equitable tolling. *Id.*

Plaintiffs argue that the statements in *Webb* regarding § 6511(b)(2)(A) were only dicta, given that plaintiff's actual claim for refund in *Webb* fell outside the prescribed period in § 6511(a), *id.* at 694, unlike here.

The Court's detailed analysis of the provision, however, leaves no doubt that the Fourth Circuit would hold that § 6511(b)(2)(A) is in fact *at the very least* a statute of limitations for purposes of jurisdiction, given its statement that the statute was analogous to a statute of repose. One could hardly conceive the Fourth Circuit holding that the provision is stronger than a statute of limitations in one case, yet in another hold that it does not have the effect of a statute of limitations. *Webb* requires this Court to hold that § 6511(a) and (b)(2)(A) combine to act as a single statute of limitations.

The Supreme Court's recent decision in *Commissioner v. Lundy,* —— U.S. ——, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996), which reversed the Fourth Circuit, 45 F.3d 856 (4th Cir.1995), as well as the Fourth Circuit's own opinion, are consistent with this Court's interpretation of *Webb*. As described above, depending upon whether the taxes have been paid or a deficiency notice sent by the I.R.S., a taxpayer may file a claim for a refund in Tax Court or in a federal district court, and each court has a separate statute granting jurisdiction and limiting the claims allowed before the court. 26 U.S.C. §§ 6511, 6512. Although a Tax Court case, the Fourth Circuit addressed the district court jurisdictional provisions in § 6511 in *Lundy* because § 6512(b)(3)(B) requires the Tax Court borrow the periods in § 6511(b)(2) under certain circumstances. The Fourth Circuit held, in determining the Tax Court's jurisdiction to award a refund, that the applicable "look back" period came from § 6511(b)(2)(A), rather than (b)(2)(B) as the Tax Court had determined. *Id.* at 861. The Court never addressed the issue of whether § 6511(b)(2) itself was a "statute of limitations." Yet the ultimate issue in *Lundy* was which "lookback" period described in § 6511(b)(2) applied in the Tax Court as a *jurisdictional prerequisite. Id.* The obvious implication is that § 6511(b)(2) is itself jurisdictional in nature.

The Supreme Court, in reversing the Fourth Circuit on which district court "lookback" period should have been utilized in the Tax Court, stated the jurisdictional basis much more directly:

[§ 6511] contains two separate provisions for determining the timeliness of a refund claim. It first establishes a *filing deadline:* ... [§ 6511(a) ]. It also defines two *"look-back" periods:* ... [§ 6511(b)(2)(A) and (B) ].

Unlike the provisions governing refund suits in United States District Court or the United States Court of Federal Claims, which make timely filing of a refund claim a jurisdictional prerequisite to bringing suit, the restrictions governing the Tax Court's authority to award a refund of overpaid taxes incorporate only the look-back period and not the filing deadline from § 6511.

—— U.S. at ——, 116 S.Ct. at 651–52 (emphasis in original). The analysis is dispositive of the present issue. The Supreme Court clearly held that the jurisdictional basis in federal district court derives from a two-fold determination: first, whether a claim is timely filed, and second, whether tax payments fit within the appropriate "look-back" period. *Id.* A more direct answer could not be hoped for. The Court holds that § 6511(b)(2)(A) establishes a jurisdictional requirement for refund claims in district courts. *E.g., Herren v. United States,* 679 F.Supp. 614, 615 (W.D.La.1988).

### B. *Equitable Tolling*

■ Plaintiffs' remaining arguments may be disposed of more quickly. Plaintiffs claim that the doctrine of equitable recoupment should apply to toll the statute of limitations, citing *United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). In *Dalm,* however, the Court clearly stated that equitable recoupment does not suspend the rules of jurisdiction. 494 U.S. at 608, 110

S.Ct. at 1368. Given the statement in *Lundy* that the "look-back" periods of § 6511(b)(2) were jurisdictional, —— U.S. at ——, 116 S.Ct. at 651–52, it would be error to apply equitable recoupment to suspend the requirements of § 6511(b)(2)(A).[2] Moreover, the Fourth Circuit has clearly held that § 6511 is not subject to equitable tolling. *Webb,* 66 F.3d at 702, *aff'g* 850 F.Supp. 489, 492–93 (E.D.Va.1994) (interpreting *Dalm* to prohibit equitable tolling of § 6511). Plaintiffs argument that it would be unfair not to allow them to make a claim for their refund also overlooks the apparent source of the inequity: plaintiffs' own decision not to file a return for 1987 until 1993.[3]

### C. *1988 Remittance as a Deposit*

■ Finally the plaintiffs attempt to characterize the remittance of $15,000.00 in 1988, along with their Form 4868 application for an extension, as a "deposit" rather than a "payment" of taxes. As the government properly argues, however, a payment sent to the I.R.S. to discharge all or part of an existing tax liability constitutes the payment of taxes. *Ewing v. United States,* 914 F.2d 499, 504 (4th Cir.1990), *cert. denied,* 500 U.S. 905, 111 S.Ct. 1683, 114 L.Ed.2d 78 (1991) (holding that a payment, rather than a deposit, "results from the remittance by a taxpayer concomitant with the recognition of a tax obligation ..."). In *Blatt v. United States,* the Fourth Circuit clearly stated that "the amount shown on a return or, if no return is then filed, the amount estimated to be due is payable *at the time fixed for filing a return,* and that a payment of that amount, whether precisely calculated or not, is in either case the payment of tax." 34 F.3d 252, 256–57 (4th Cir.1994) (emphasis in original).

---

**2.** Had plaintiffs' claim for refund been brought in a case, for example, to dispute taxes the IRS was seeking to collect as a result of a deficiency stemming from plaintiffs' corporation having not properly elected to be treated as a subchapter S corporation, then equitable recoupment might apply. *See Dalm,* 494 U.S. at 611, 110 S.Ct. at 1370 (describing equitable principle as one allowing court to "do justice" by viewing transaction as a whole). The principle in such a case, if applicable, would be intended to prevent the I.R.S. from effecting a "whipsaw," i.e., on the one hand claiming taxes due from the corporation but on the other hand asserting a jurisdic-

tional bar against a refund claim by related individuals, both resulting from the same change in circumstances or error.

**3.** Nor would the Court ignore, if it actually addressed the issue, the fact that plaintiffs failed to ensure that their corporation properly elected to be treated as a subchapter S corporation. Complaint, Exhibit C, at 1 (stating that in 1993 "taxpayer contacted his attorney and discovered that a valid subchapter S election had in fact not be [sic] filed.")

Plaintiffs claim that the issue is factual, and therefore dismissal at this stage is inappropriate. First, the standard under *RF & P R.R.* is akin to that of summary judgment, 945 F.2d at 768, and thus not under the more burdensome standard applicable to a motion to dismiss under Rule 12(b)(6). Second, although the Fourth Circuit in *Blatt* stated that the issue is one of the taxpayer's intent and depends largely upon the facts and circumstances of the case, *id.* at 255, the above quotation establishes that an amount estimated to be due and paid with an extension, as alleged here, is a payment as a matter of law. *Id.* at 256–57. *See also England v. United States,* 760 F.Supp. 186, 187 (D.Kan.1991) (stating that remittance along with extension request constituted payment as a matter of law rather than deposit); *Brockamp v. United States,* 859 F.Supp. 1283, 1286 (C.D.Cal. 1994) (dismissing for lack of subject matter jurisdiction after holding that remittance along with extension request was payment, not deposit, and that equitable tolling does not apply to tax cases), *rev'd on other grounds,* 67 F.3d 260, 262–63 (9th Cir.1995) (holding that equitable tolling may apply to § 6511). Thus dismissal is appropriate under the circumstances of this case.

Alternatively, the Court finds that plaintiffs have failed to satisfy their burden on this issue. *Blatt* counselled that courts should look at the taxpayers' own characterization of the remittance. 34 F.3d at 255. As the government correctly asserts, plaintiffs remitted the sum of $15,000.00 along with Form 4868, which, on line 6, calculates a tax "balance due." Complaint, Exhibit A. Plaintiffs also included on their return for 1987 the amount previously remitted in the "payments" section of the return. Complaint, Exhibit B, at 2 (line 57). Both are consistent with a payment of an existing tax obligation, combined with a request for an extension to file a return.

Here the question is whether there is any jurisdiction in this Court to hear and determine a claim for refund of taxes paid prior to December of 1990 (three years and four months from March of 1994 when the claim was filed). Since the burden to show jurisdiction to hear any such claim falls on the plaintiff, *e.g., Miller v. United States,* 784 F.2d 728, 729–30 (6th Cir.1986) and *Adams,* 697 F.2d at 1219, the plaintiff must present some evidence supporting jurisdiction. Plaintiffs have filed no affidavits or other evidence supporting their merely self-serving allegation that the remittance was a deposit rather than a payment. Given that the plaintiff has the burden of proving subject matter jurisdiction, other courts have granted dismissal where the plaintiff claims that a particular remittance is a deposit, but where the Court finds the remittance to be a payment. *E.g., Weigand v. United States,* 760 F.2d 1072, 1073–74 (10th Cir.1986) (relied upon by the Fourth Circuit in *Blatt,* 34 F.3d at 255). With respect to plaintiffs' claim that their remittance was a deposit, the bare allegation in plaintiff's complaint fails to create a genuine issue of material fact sufficient to survive a motion to dismiss for lack of subject matter jurisdiction. *RF & P R.R.,* 945 F.2d at 768.

### Conclusion

The Court HOLDS that plaintiffs' remittance of $15,000.00 was a payment, that payment falls outside the limitations period prescribed in 26 U.S.C. § 6511(b)(2)(A), the limitations period is not subject to equitable tolling, and therefore the Court is without jurisdiction over plaintiffs payments and withholdings prior to December 1, 1990. Given that it appears that a partial payment of tax liabilities for calendar year 1987 was or may have been made on or about March 1, 1993, that payment, if any, could fall within the prescribed period of 26 U.S.C. § 6511. Therefore, the Court GRANTS the government's motion to dismiss, except as to the amount, if any, remitted to the I.R.S. (which appears to be $2866.00) along with the 1987 return filed on or about March 1, 1993 (or remitted later). The Court HOLDS that because a genuine issue of material fact exists as to that payment, if made, plaintiffs' action may proceed as to that payment only.

The Clerk is DIRECTED to forward a copy of this order to counsel for both parties.

IT IS SO ORDERED.