Sewell L. KEETER, Plaintiff,

v.

UNITED STATES of America, Internal Revenue Service, Defendant.

No. Civil S–96–1755 LKK/PAN.

United States District Court, E.D. California.

March 20, 1997.

---

Sewell L. Keeter, in propria persona, Sacramento, CA, for plaintiff.

G. Patrick Jennings, United States Department of Justice, Trial Attorney, Tax Division, Washington, D.C., for defendant.

### ORDER

KARLTON, Chief Judge Emeritus.

This matter is before me on the government's motion for partial dismissal premised on Fed.R.Civ.P. 12(b)(1). A hearing was set for March 17, 1997. In its points and authorities, the government requested that the matter be decided on the papers without oral argument. By telephone, the court granted

the request and notified the parties that the hearing was vacated. The court now disposes of the matter based upon the papers and pleadings on file herein.

## I.

### THE PLEADINGS

Plaintiff seeks a refund for taxes paid for the 1991 tax year. *See* Complaint at ¶¶ 1 & 4. Plaintiff alleges that on August 15, 1992, he filed a timely tax return for the 1991 tax year and that he paid $7,877.00 in income taxes for that year. *Id.* at ¶ 4. He further alleges that he filed an administrative claim for a $3,510.00 refund on September 24, 1992, but that the IRS rejected the claim and assessed him an additional tax of $854.00, presumably for the 1991 tax year. *Id.* at ¶ 5.[1] According to the complaint, on March 27, 1995, plaintiff paid the IRS $1,211.00, representing the $854.00 assessment and accrued interest. *Id.* at ¶ 7. Plaintiff requests judgment in the amount of $3,909.00. *Id.* at ¶ 10.

## II.

### STANDARDS FOR DISMISSAL UNDER FED.R.CIV.P. 12(b)(1)

It is well established that the party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. *KVOS, Inc. v. Associated Press,* 299 U.S. 269, 278, 57 S.Ct. 197, 201, 81 L.Ed. 183 (1936); *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir.1986). On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the standards that must be applied vary according to the nature of the jurisdictional challenge.

If the challenge to jurisdiction is a facial attack, i.e., the defendant contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion

---

1. The complaint does not explicitly state that the additional assessment of $854.00 is for the 1991 tax year. The government, however, concedes that the complaint should be so read. *See* Government's Brief at 4:17–18.

is made. The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *See* 2A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* para. 12.07[2.1], at 12–46 to 12–47 (2d ed. 1987); *see also Eaton v. Dorchester Development, Inc.,* 692 F.2d 727, 731 (11th Cir.1982); *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.1981), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *Mortensen v. First Fed. Sav. & Loan Ass'n.,* 549 F.2d 884, 891 (3d Cir.1977). A complaint will be dismissed for lack of subject matter jurisdiction (1) if the case does not "arise under" any federal law or the United States Constitution, (2) if there is no case or controversy within the meaning of that constitutional term, or (3) if the cause is not one described by any jurisdictional statute. *Baker v. Carr,* 369 U.S. 186, 198, 82 S.Ct. 691, 699, 7 L.Ed.2d 663 (1962).

If the challenge to jurisdiction is made as a "speaking motion" attacking the truth of the jurisdictional facts alleged by the plaintiff, a different set of standards must be applied. *Thornhill Pub. Co., Inc. v. General Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir.1979). Where the jurisdictional issue is separable from the merits of the case, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983); *Thornhill,* 594 F.2d at 733. "In such circumstances '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdiction-

al claims.' " *Augustine,* 704 F.2d at 1077 (quoting *Thornhill,* 594 F.2d at 733).

However, where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial.

*Augustine,* 704 F.2d at 1077 (citing *Thornhill,* 594 F.2d at 733–35; 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1350, at 558 (1969 & Supp.1987)). On a motion going to the merits, the court must, of course, employ the standard applicable to a motion for summary judgment. *Farr v. United States,* 990 F.2d 451, 454 n. 1 (9th Cir.1993), *cert. denied,* 510 U.S. 1023, 114 S.Ct. 634, 126 L.Ed.2d 592 (1993).

### III.

### JURISDICTION TO HEAR CLAIMS FOR TAX REFUNDS

The United States challenges the court's subject matter jurisdiction over plaintiff's refund claim relative to the tax he paid in 1995. It bases its challenge on the fact that plaintiff filed his administrative claim in 1992.

The jurisdictional statute governing a federal income tax refund suit is 28 U.S.C. § 1346(a)(1). *United States v. Williams,* 514 U.S. 527, 601, 115 S.Ct. 1611, ——, 131 L.Ed.2d 608 (1995).[2] While pursuant to that statute the United States has waived its sovereign immunity against refund suits, the waiver is limited by 26 U.S.C. § 7422(a), *id.,* which prohibits the bringing of a refund action unless the plaintiff first files an administrative claim in compliance with 26 U.S.C. § 6511.[3] *Imperial Plan, Inc. v. United*

---

**2.** The jurisdictional provision provides in pertinent part:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws. . . .

28 U.S.C. § 1346(a)(1).

**3.** Section 7422(a) provides:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in

*States,* 95 F.3d 25, 26 (9th Cir.1996). Put another way, a timely claim under 26 U.S.C. § 6511 is a jurisdictional prerequisite for suit. *Id.* (citing *Miller v. United States,* 38 F.3d 473, 474 (9th Cir.1994)); *Williams,* 514 U.S. at 602, 115 S.Ct. at ——.

Under section 6511(a), an administrative claim must be filed either within three years from the time the taxpayer filed the tax return or two years from the time the tax was paid, whichever expires later. *Harrah v. United States,* 77 F.3d 1122, 1125 (9th Cir.1995).[4] Plaintiff alleges that he filed his tax return for the 1991 tax year on April 15, 1992, and that he filed his administrative claim on September 24, 1992. The government does not challenge these allegations. Since plaintiff filed a tax return, and then an administrative claim within three years from the date he filed the return, the three year period provided by section 6511(a) applies. In turn, since the administrative claim was filed within three years it would appear that plaintiff has satisfied the jurisdictional prerequisite for suit.

■ Although the government concedes that the tax and interest plaintiff paid in 1995 was based upon an assessment relative to the 1991 tax year, it nonetheless argues that plaintiff's 1992 administrative claim does not satisfy the jurisdictional prerequisites for his

refund action relative to that assessment. The government bases its position on sections 6511(b) and 6512 of the Code. For the reasons set forth below, the court rejects the government's interpretation of the statute.

Section 6511(b) provides certain limitations on the amount of the refund a taxpayer can secure through the administrative claim, and thus through subsequent civil action.[5] Since plaintiff filed a claim within the three year period, *supra,* the appropriate subsection for this limitation is § 6511(b)(2)(A).

■ The question tendered is the jurisdictional consequences of § 6511(b)(2)(A) where the taxpayer timely files a tax return, pays the tax, files a timely administrative claim, and then is assessed an additional tax, which the taxpayer pays. The issue is one of statutory construction. As with any such issue, the first question for a district court is whether there is a binding construction of the statute. *See Tello v. McMahon,* 677 F.Supp. 1436, 1441 (E.D.Cal.1988) (citations omitted).

Neither party has tendered authority speaking directly to the issue at bar, nor has the court's independent research discovered any. Rather, the cases address a variety of related, but distinct issues.[6] It thus appears

---

that regard, and the regulations of the Secretary established in pursuance thereof.
26 U.S.C. § 7422(a).

**4.** Section 6511(a) provides:
    **(a) Period of limitation on filing claim.—** Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * * *
26 U.S.C. § 6511(a).

**5.** Section 6511(b) provides:
    **(b) Limitation on allowance of credits and refunds.—**
    **(1) Filing of claim within prescribed period.—** No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.
    **(2) Limit on amount of credit or refund.—**

    **(A) Limit where claim filed within 3–year period.—**If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. * * * *
    **(B) Limit where claim not filed within 3–year period.—**If the claim was not filed within such 3–year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.
    **(C) Limit if no claim filed.—**If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if the claim was filed on the date the credit or refund is allowed.
26 U.S.C. § 6511(b).

**6.** Most of the cases address whether the two or three year period applies when the plaintiff fails to file a timely administrative claim, *see, e.g., CIR v. Lundy,* —— U.S. ——, 116 S.Ct. 647, 133

that the question of whether the refund may include additional taxes paid by virtue of a subsequent assessment, so long as the total refund does not exceed the portion of the tax paid prior to the administrative claim, is one of first impression. Accordingly, I turn first to the language of the statute. *See Landreth Timber Co. v. Landreth,* 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985) (process of determining congressional intent begins with the language of the Act itself) (citations omitted).

Section 6511(b)(2)(A) provides that the amount of credit "shall not exceed the portion of the tax paid within [three years from the filing of the claim]." The government contends that the Tax Code not only limits the refund to those taxes paid within three years of the claim, as the statute plainly provides, but also that it prohibits the taxpayer from disputing an additional assessment made in response to the taxpayer's claim. There is simply no basis in the plain language of section 6511(b) for creating this additional limitation on the taxpayer's timely filed refund action.

It is fundamental that a statute must be interpreted according to its plain meaning. *See Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1992) (court "must presume that a legislature says in a statute what it means and means in a statute what it says there") (citations omitted); *see also INS v. Cardoza–Fonseca,* 480 U.S. 421, 433 n. 12, 107 S.Ct. 1207, 1214 n. 12, 94 L.Ed.2d 434 (1987) (strong presumption that Congress expresses its intent through the language it chooses). Thus, if the words of the Tax Code

are clear and unambiguous, the inquiry is complete. *See Germain,* 503 U.S. at 254, 112 S.Ct. at 1149.

The government advances no reason to depart from the plain meaning rule and none otherwise appears. To the contrary, the Supreme Court has recently commented that the "highly detailed and technical manner" of the drafting of § 6511 makes the provision particularly unsuited for a construction dependent upon anything other than the meaning necessitated by the specific language chosen. *Brockamp,* —— U.S. at ——, 117 S.Ct. at 851 (equitable tolling unavailable under section 6511).

Indeed, the cases cited by the government appear to suggest a result quite the opposite from that advanced by the government. *See, e.g., Galuska v. CIR,* 5 F.3d 195, 196 (7th Cir.1993) ("If the claim was filed within a 3–year period the amount of refund is limited to the *amount of tax paid* during the 3–year period immediately preceding the filing of the claim.") (emphasis added); *see also Lundy v. I.R.S.,* 45 F.3d 856, 858 (4th Cir. 1995) ("the taxpayer could collect a refund of *any* overpayment of withheld taxes so long as the taxpayer filed his claim on or before [the applicable time period].") (emphasis added), *rev'd on other grounds,* —— U.S. ——, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996).

Simply put, had Congress intended that a refund claim be limited to the amount of overpayment charged in the administrative claim, it would have said so. Instead the statute, by its terms, limits the amount of the refund action to the tax paid within three years from the date the return was filed.[7]

L.Ed.2d 611 (1996); *Miller v. United States,* 38 F.3d 473, 474 (9th Cir.1994); *Galuska v. CIR,* 5 F.3d 195, 196–197 (7th Cir.1993); *Richards v. CIR,* 37 F.3d 587, 589 (10th Cir.1994), and where the plaintiff did not make *any* payment within the applicable period. *See also Curry v. United States,* 774 F.2d 852, 855 (7th Cir.1985); *Amoco Production Co. v. Newton Sheep Co.,* 85 F.3d 1464, 1471 (10th Cir.1996). Other cases define the forms and procedures by which returns and administrative claims are filed, *see, e.g., Yuen v. United States,* 825 F.2d 244 (9th Cir.1987) (verbal notice insufficient for administrative claim); *Zeier v. United States,* 80 F.3d 1360, 1365 (9th Cir.1996) (form 706 was valid return); *Blatt v. United States,* 34 F.3d 252, 256 (4th Cir.1994) (remittance was payment rather

than deposit), and still others address the question of whether the doctrine of recoupment or equitable tolling might relieve a plaintiff from the statute of limitations. *See, e.g., United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) (recoupment); *Harrah v. United States,* 77 F.3d 1122, 1125 (9th Cir.1995) (same); *United States v. Brockamp,* —— U.S. ——, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) (equitable tolling not available under section 6511).

7. *Porter v. United States,* 919 F.Supp. 927 (E.D.Va.1996), relied on by the government is not to the contrary. Aside from the fact that it is distinguishable on its facts, *Porter's* emphasis on the need to give effect to the words "portion of"

■ While it may be true that "the taxpayer must file the return prior to filing the claim in order to benefit from the three-year refund period," *Richards v. CIR*, 37 F.3d 587, 589 (10th Cir.1994), *cert. denied*, —— U.S. ——, 116 S.Ct. 813, 133 L.Ed.2d 758 (1996), plaintiff did just that. Since plaintiff filed a timely administrative claim for a refund as to a particular tax year, the limit on the refund corresponds to the portion of the tax paid during that year, not the amount specifically sought in the claim. The fact that plaintiff paid an additional $1,211.00 in 1995 for the 1991 tax year does not, under the plain language of the statute, reduce the limitation on the refund he is permitted to seek by virtue of filing his 1992 claim.

While its plain meaning ends all required analysis, I note that the statute appears to be directed toward preventing quite a different type of refund action than the one plaintiff brings here. The Ninth Circuit has explained that the purpose of section 6511 is to prevent a taxpayer from avoiding the statute of limitations indefinitely simply by choosing not to file a tax return. *Miller*, 38 F.3d at 475; *cf. Richards*, 37 F.3d at 589 (taxpayer cannot bring claim within three year limitations period by filing a return after presenting claim); *see also Bankers Trust Co. v. United States*, 438 F.2d 1046, 1048 (2d Cir. 1971) (§ 6511(b)(2) "was designed to prevent stale claims based on newly concocted theories of recovery"). This case presents neither a failure to present a claim, as in *Miller*, nor a stale claim within the meaning of *Bankers*. To the contrary, plaintiff filed both a timely return and a timely administrative claim. Nothing in the text of the statute implies that a taxpayer who complies fully with the complex web of procedures must exhaust his administrative remedies twice merely because the government decides to assess an additional tax in response to the taxpayer's administrative claim.

Stepping back to view the totality of circumstances, it appears to this court that the government's conduct leaves little to recommend its position. After all, it is the government's late assessment which has given rise to the additional claim. Indeed, it has been held that the government's decision to assess an additional tax many years after assessing the original tax permits a taxpayer to bring an otherwise untimely claim within the statute of limitations under certain circumstances. *See Lundy*, 45 F.3d at 858–59 (explaining that taxpayer who does not file return by due date but who is assessed additional tax can file claim within two years from payment of additional tax even if such time period would extend beyond three years from due date of return), *rev'd on other grounds*, —— U.S. ——, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996). Of course, in such a case "the amount of refund is limited to the amount of additional tax paid within two years of filing the claim." *Id.* at 859. Nonetheless, since the assessment of an additional tax can permit a taxpayer to obtain a refund for a portion of an entire tax which might have otherwise fallen outside the limitations period, *a fortiori*, it does not narrow the amount which a taxpayer might obtain by way of an administrative claim which was filed within the initial three year period. The government's notion that the plaintiff must file a separate administrative claim for each additional tax assessment appears to put the rule explained in *Lundy* on its head. More importantly, there is no basis in the statute for doing so.

Finally, the government contends that the "look back" provisions of 26 U.S.C. § 6512 do not allow plaintiff to recover any refund relative to the assessment he paid in 1995. Section 6512, however, is inapplicable here. It governs jurisdictional limitations of the district court when the Secretary has mailed a notice of deficiency and the jurisdictional limitations of the Tax Court to determine overpayments when there is a notice of deficiency. Since the Secretary did not mail a notice of deficiency, and this action does not involve the special jurisdiction of the Tax Court, the cases dealing with section 6512 are only informative to the extent that they interpret section 6511 for purposes of construing section 6512(b)(3)(B). *See, e.g., Lundy*, —— U.S.

in section 6511(b), *see* 919 F.Supp. at 932, does not change the result here; i.e. "the portion of the tax paid within the period" is $7,877.00, and plaintiff's claim of $3,909.00 does not "exceed" this amount.

**1166**

——, 116 S.Ct. at 652, 133 L.Ed.2d 611 (1996) ("... section 6512(b)(3)(B) directs the Tax Court's attention to § 6511(b)(2)...."); *see also Richards,* 37 F.3d at 589 ("Section 6512(b)(3)(B) cross-references § 6511(b)(2) to determine the refund period.").

In reality this seems a straight-forward case. The portion of the tax paid within three years of the date plaintiff filed the administrative claim is alleged to be $7,877.00. *See* Complaint at ¶ 4. By its plain terms, section 6511(b)(2)(A) limits plaintiff's refund to $7,877.00. Plaintiff prays for a refund of $3,909.00 plus interest and costs. *See* Complaint at ¶ 10. Thus, plaintiff does not seek to obtain a refund of any amount greater than the limit imposed by section 6511(b). Accordingly, there is federal jurisdiction over plaintiff's entire refund action.

## IV.

### SANCTIONS

■ Plaintiff has moved for sanctions suggesting that the government's motion is frivolous. Plaintiff's claim bears serious consideration. Nonetheless, given the fact that the matter is one of first impression, the court will not grant the motion.

## V.

### ORDER

For all the above reasons, the court makes the following ORDERS:

1. Defendant's motion to dismiss is DENIED;

2. Plaintiff's request for sanctions is DENIED; and

3. The hearing set for March 17, 1997 is VACATED.

IT IS SO ORDERED.